TOWNSON *vs.* MOORE.

1. It is no objection, since special demurrers have been dispensed with by statute, that a special plea amounts to the general issue.

2. Where an affidavit to hold to bail is not sufficient, the requisition of bail is unauthorised, and the bail bond invalid : and to a *scire facias* on the bail bond assigned—a special plea, amounting to the plea of *nul tiel record,* may be pleaded, and will be sustained.

3. A motion to strike out a plea, is addressed to the discretion of the court, and its refusal is not revisable in error.

4. Questions to be reviewed by the Supreme court, must be brought before it by bill of exceptions, or in some other proper manner.

5. A plaintiff, who fails in the successful prosecution of his suit, is liable, under the statute, to a judgment for costs.

Error to the Circuit court of Talladega.

*Scire facias* on a bail bond—tried by *A. Martin, J.*

This was a proceeding by *scire facias,* in the usual form, against bail, in the Circuit court of Talladega.

From the record, it appears that the defendant pleaded—

1. *Nul tiel record;*

Townson *vs.* Moore.

2. That no sufficient *affidavit* had been made, to authorise the requisition of bail of the principal.

The court refused, on motion of the plaintiff, to strike out the second plea, but determined there was no such record as the *scire facias* describes, that the *affidavit* to hold to bail was insufficient in law ; and thereupon rendered a judgment against the plaintiff, for costs.

The plaintiff hath prosecuted a writ of error to this court, and now assigns for error—

1. That the Circuit court erred in refusing to strike out the defendant's second plea;

2. That the court erred in deciding that the affidavit to hold to bail was not sufficient ;

3. That the court erred in sustaining the defendant's first plea;

4. That the plaintiff was not liable to a judgment for costs.

*Martin*, for plaintiff in error.
*Chilton*, contra.

COLLIER, C. J.—The objection to the second plea must have been, that it amounted to the *general issue* of *nul tiel record*, and not, that it did not present good matter of defence ; for if there was no sufficient affidavit, the requisition of bail was unauthorised, and the bail bond, of consequence, invalid. In principle, the case of Toulmin vs. Bennett & Laidlaw, (3 Stew. & Por. R. 220,) is directly in point.

But it is no objection with us, since special demurrers have been dispensed with by statute, that a special plea

9 P                18

amounts to the *general issue*—(Morgan vs. Rhodes, 1 Stew. R. 70; Dunham et al. vs. Ridgel, 2 Stew. & Por. R. 402.)

Besides, a motion to strike out a plea, addresses itself to the discretion of the court, consequently, its refusal is not revisable on error—(Johnson, adm'or, vs. Wren, 3 Stew. R. 172.)

The case before us, does not present for examination, the correctness of the decision of the Circuit court, in sustaining the defendant's pleas. If the plaintiff had desired to have these questions reviewed, he should have caused the record on which the *scire facias* professes to have issued, to be made a part of the record in the present case, either by *bill of exceptions, or in some other proper manner.* Its absence must prevent us from determining whether there is error in the proceeding below.

The plaintiff having failed in the successful prosecution of his suit, was clearly liable, under our statute, to a judgment for costs—(Aik. Dig. 261)—and the consequence is, that the judgment must be affirmed.