# Lankford v. Green.

*Trespass Quare Clausum Fregit.*

1. *Plea; motion to strike from files, when action of court on revisable.*—The refusal to strike out a plea which is merely defective, not a nullity, is not revisable on error, as the primary court may, in its discretion, refuse to entertain the motion, and put the party to his demurrer; but the rule is different when the court entertains the motion and improperly strikes out the plea, if exception is taken.

2. *Trespass quare clausum fregit; what possession will support.*—In trespass *quare clausum fregit,* though the title may be, and is often drawn in ques-

[Lankford v. Green.]

tion, the gist of the action is injury to the plaintiff's possession, and he is not bound to show title ; possession will support the action against a stranger or wrong doer.

3.  *Evidence; what inadmissible.*—Where the plaintiff's possession and the trespass complained of were subsequent to his discharge in bankruptcy, and the title of plaintiff is not involved, a plea of his bankruptcy is frivolous ; though if the title had been involved, and it had become necessary for plaintiff to show title in himself at the time of the bankruptcy, the schedules filed with the plaintiff's petition would be relevant evidence, to show that the premises in dispute, if embraced in them, passed by operation of law to another ; or, if omitted, to present that fact for the consideration of the jury.

4.  *Same.*—A judgment in ejectment, or in the statutory action in the nature of ejectment, binds only parties or privies ; it is not evidence against strangers, and a party in possession at the time of the commencement of the suit who is not made a defendant, is a stranger to the judgment, and cannot be affected by it.

5.  *Writ of possession; what not sufficient execution of.*—A plaintiff in whose favor a writ of possession issued, rode around the lands with the sheriff, who said to him : "Here is your land, I put you in possession ;" but tenants who were in possession were not dispossessed, nor was any notice given them to yield possession. *Held:* This was not an execution of the writ of possession.

APPEAL from DeKalb Circuit Court.

Tried before Hon. LOUIS WYETH.

This was an action of trespass *quare clausum fregit*, brought by the appellant, John M. Lankford, against the appellee, Anthony B. Green, to recover damages for a trespass upon a certain piece of land. The summons in the case was executed on the 2d day of February, 1871. On the 16th day of March, 1875, by permission of the court the defendant filed a plea, which set up "that before the commencement of the suit the plaintiff had been adjudged a bankrupt, and that all his property and rights of actions, including the subject matter of this suit, was by decree of the District Court of the United States sitting in bankruptcy, passed to his assignee." Thereupon the plaintiff moved to strike the plea from the files, as being a plea in abatement. The court refused the motion, and plaintiff excepted. Plaintiff then moved the court to strike the plea from the files, because of its insufficiency as a plea in bar. This motion the court also overruled, and the plaintiff excepted. There is a demurrer to the plea incorporated in the record, but the ruling of the court on it is not shown by the judgment entry. There was a replication "that the cause of action arose subsequent to the discharge of the plaintiff in bankruptcy, and issue joined on this replication."

On the trial, the plaintiff introduced evidence tending to show that he had been in possession of the land upon which the alleged trespass was committed, "cultivating and controling the same for many years, excepting a few years during the late war, when he removed to Cherokee county; that he

[Lankford v. Green.]

returned to his former residence in 1865 and cultivated and controlled the said lands until the latter part of 1870 or the early spring of 1871, when the defendant caused some fencing to be removed from said land and taken upon another tract of land, claimed or owned and in possession of defendant, and left the field formerly cultivated open and unfenced, and that stock, cattle and hogs entered upon said lands and committed depredations on some fodder which was stacked up, and destroyed about one acre which was sown in wheat."

Plaintiff testified that he had entered the lands trespassed upon from the United States about thirty years before, and had possession up to about Christmas, 1870, when the trespass complained of was committed, and that since that time the defendant had held possession of part of the land. Plaintiff then read to the jury his final discharge in bankruptcy, dated on the 4th day of June, 1870.

The defendant then offered in evidence the record of an action of ejectment, concerning the lands trespassed upon, in which he was plaintiff and Mary Lankford was defendant, and of a writ of possession issued in that cause. The plaintiff objected to this evidence, the court overruled the objection, admitted the evidence, and the plaintiff excepted. It was shown that the judgment in the ejectment suit was rendered *nil dicit*. The writ of possession was returned executed by the sheriff. The evidence shows that the only execution of the writ was as follows : The sheriff came to Green's house, and in company with him, and having the writ in his possession, they rode through or near the land on the —— day of May, 1870, and that while on the land the sheriff said to Green, "Here is the land ; I put you in possession under the writ," and then rode away. It was in evidence that some portions of the lands were in cultivation by different parties, who had crops growing thereon ; that Green and the sheriff saw no one as they passed through the lands ; gave no notice to any one, and put no person out of possession ; that they did not see the plaintiff at the time, and gave him no notice. This was all the possession the defendant ever had, until the trespass complained of. It was also shown that a few days after the sheriff put Green in possession, one of the plaintiff's tenants, who had been cultivating said land, attorned to defendant and gave him notes for the rent. The defendant then offered in evidence a schedule in bankruptcy of property filed by the plaintiff. This schedule contains no mention of the land trespassed upon, and purports to be a schedule of all the real estate and interest in lands which the plaintiff had at the filing of his petition. Plaintiff objected to the introduction of such transcript of said sched-

ule; the court overruled the objections, admitted the testimony, and the defendant excepted. Plaintiff was then recalled by the defendant, and testified that the schedule offered was a true copy of the one filed by him, and gave as a reason for not including the lands mentioned in the complaint, that he had previously sold the lands to his son, and that after he had sold it to his son, he had controlled and cultivated it by his son's permission, but that he had not agreed to pay him any rent for the same. It was shown that Mary Lankford, the defendant in the ejectment suit, had never been in possession of the land mentioned in the complaint in this suit. This was in substance all the evidence, and the plaintiff requested the following written charge: "When a person by himself and tenants is in possession of and cultivating lands, holding adversely to a plaintiff in a writ of restitution, the party in possession not being a party to the writ, in order to put the plaintiff in the writ of restitution in possession of the lands, the officer must notify the party holding adversely to plaintiff to attorn to or recognize the plaintiff as landlord, and upon the refusal of the party to attorn or recognize plaintiff as landlord, the officer must put the party holding adversely out of possession." This charge the court refused to give, and the plaintiff excepted.

There was a verdict and judgment for the defendant and the plaintiff brings the case to this court by appeal, assigning as error the various rulings to which exceptions were reserved.

DAVID CLOPTON, and M. J. TURNLEY, for appellant.—This was an action for an injury to possession of land, and whether founded on good or bad title, this possession will support the action against a mere wrong doer.—5 Stew. & Port. 182. The schedule, then, was immaterial; it could shed no light on the question of possession *vel non* at the time of the alleged trespass, and should have been excluded.—3 Ala. 679; 8 Por. 311; 17 Ala. 566. The admission of this evidence must work a reversal.—30 Ala. 672. The plaintiff was not a party to the ejectment suit, and it could not prejudice his possession, unless he was actually dispossessed under the writ, in this cause. The evidence shows only a sham delivery to Green, and he never was in possession until he committed the trespass complained of in this suit.

WATTS & SONS, *contra.*—There is no entry as to the disposal of the demurrer, and it cannot be noticed in the decision of the cause. The only way in which the refusal of the court to strike out a plea can be brought to the notice of this court is by a bill of exceptions, and the bill of exceptions

shows no exception to the action of the court on this plea. The record of the ejectment suit was competent to show that the defendant had been put in possession of the identical lands mentioned in the complaint in this cause, before the commission of the alleged trespass. The schedule tended to show that the plaintiff did not own the land mentioned, and was competent evidence to lessen the weight of the plaintiff's testimony as to his possession.

BRICKELL, C. J.—The refusal to strike out a plea which is merely defective, not a nullity, is not revisable on error. The primary court may, in its discretion, refuse to entertain the motion, and put the party on his demurrer.—*Johnson v. Wren*, 3 Stew. 172; *Townson v. Moore*, 9 Port. 136; *Stanley v. Hill, ib.* 368; *Turner v. Brown*, 9 Ala. 867; *Johnson v. McLaughlin, ib.* 551; *Williams v. Hinkle*, 15 Ala. 713; *Duncan v. Hargrove*, 22 Ala. 150; *Mahoney v. O'Leary*, 34 Ala. 97. The rule is changed, when the court, in the exercise of its discretion, entertains the motion, and improperly strikes out the plea, if an exception is taken.—*Mahoney v. O'Leary, supra*. The plea of the bankruptcy of the plaintiff, may be demurrable but it is not a mere nullity. The cause of action would survive to the personal representatives of the plaintiff on his death, and would also survive the death of the defendant.—Code of 1876, §§ 2920, 2921. It would consequently pass to an assignee in bankruptcy, and if it existed when the plaintiff became bankrupt, could subsequently be pursued only by the assignee.

The demurrer to the plea does not appear from the record to have been acted on by the Circuit Court, and we do not inquire whether it was well taken or not.

The action is trespass *quare clausum fregit*, and to maintain it, the plaintiff is not bound to show title. Possession, whether founded on a good or bad title, will support the action against a stranger or wrong-doer. Or, the possession may be tortious, and a wrong-doer cannot justify or excuse an invasion of, and injury to it.—*Duncan v. Potts*, 5 Stew. & Port. 182; 2 Green. Ev. § 618. The title may be, and often is, drawn in question; the *gist* of the action is nevertheless the injury to the plaintiff's possession. When the trespass was committed the evidence is undisputed the plaintiff was in actual possession, and the trespass was subsequent to the plaintiff's discharge in bankruptcy. The plea of bankruptcy was therefore on the evidence merely frivolous. Nor were the schedules in bankruptcy appended to his petition relevant evidence. If title to the premises had been involved, and it had been necessary for the plaintiff to show title in

himself at the time of the bankruptcy, these schedules would have been admissible. · If the premises were embraced in them, the title by operation of law would have been divested; or, the failure to embrace them, would have been a fact for the consideration of the jury in determining the existence of the title. The action is founded, not on title, but on an actual possession existing subsequent to the discharge in bankruptcy, and the schedules were irrelevant.

The defendant, as a fact tending to show his possession of the premises, and an unlawful entry on them by the plaintiff, offered in evidence the record of an action in the nature of ejectment he had instituted against one Mary Lankford, the judgment therein, which was by default, and the writ of possession issuing thereon. The only execution of the writ as shown by the evidence, was that the sheriff and the defendant rode on the premises, and the sheriff said to the defendant, "Here is your land; I put you in possession under the writ." Though no one was then residing on the land, there were, as it seems, several persons cultivating it, one of whom in a few days attorned to the defendant. The defendant offered no evidence of title in himself, and none that Mary Lankford was in possession at or prior to the commencement of the suit against her, nor, indeed, that she ever had possession. The evidence of the plaintiff was, that for many years, except a short time during the war, he was in actual possession of the premises, and was in possession when the action against Mary Lankford was commenced. We think it plain the Circuit Court erred in overruling the objections to this evidence. A judgment in ejectment, or in the statutory action in the nature of ejectment, binds only parties and privies. It is not evidence against strangers; and a party in possession at the time of its commencement who is not made a defendant, is a stranger to it, and cannot be affected by it.—*Smith v. Gayle*, MSS. It is also equally plain there was not an execution of the writ of possession. There was no dispossession of any tenant who was cultivating the premises, nor any notice given the tenant to yield possession to the defendant. In the execution of a writ of possession, it is the duty of the sheriff to place the plaintiff in the actual and peaceable possession of the premises recovered. If the tenant in possession does not yield peaceably and quietly, he must be removed, and until he is removed, the writ is not executed.—2 Tidd's Pr. 1246-7; Freeman on Executions, § 474; *Farnsworth v. Fowler*, 1 Swan, 1. The defendant did not obtain possession by quietly riding on the premises with the sheriff, and the idle declaration, "Here is your land; I put you in possession under the writ," of which

those who were in actual possession had no notice or information. Possession of lands is not legally transferred by such ceremonies.

The judgment is reversed and the cause remanded.