# Waite, LaFils & Co. v. Corbin.

*Action on the Case, by Landlord Against Purchaser of Tenant's Crop.*

1. *Landlord's lien; superiority of, to that of mortgagee of tenant.*—One who takes a mortgage upon a crop to be planted, or growing, on land in the possession of the mortgagor, without any notice that the mortgagor is or may become a tenant as to the crops by the terms of the contract under which he acquired possession of the land, and the right to plant and grow the crop, is not an innocent purchaser in the sense that his mortgage lien is superior to that of the landlord (Code, § 3056), there being no question of waiver or estoppel.

2. *Plea; when bad for vagueness and indefiniteness.*—In an action by a landlord to recover damages for the conversion of cotton, on which plaintiff has a lien for rent, a plea which merely avers that the plaintiff had sued out an attachment, which was levied upon cotton and other farm products grown on the land by the tenant and others, is too vague and indefinite to present a proper issue of payment, in whole or in part, of the landlord's debt.

APPEAL from the Circuit Court of St. Clair.

Tried before the HON. GEORGE E. BREWER.

The opinion states the nature of the case. The plaintiff demurred to defendant's fifth plea, on the following, among other grounds: "(2) Because the plea is vague and uncertain * * * *. (6) That it is not alleged in said plea the amount of cotton, corn or other produce attached by plaintiff, or the value of the same, nor is it shown why the crop so attached should be credited on the mortgage indebtedness of defendants." Other material facts are sufficiently stated in the opinion.

INZER & GREENE, for appellants.

KNOX, BOWIE & DIXON, *contra.*

COLEMAN, J.—The action is in case, brought by

[Waite, LaFils & Co. v. Corbin.]

appellee to recover damages sustained in consequence of the wrongful purchase and removal of thirteen bales of cotton upon which the plaintiff had a lien as landlord, in consequence of which the plaintiff was unable to enforce his lien. The defendants filed a number of pleas to the complaint, to which the plaintiff demurred. The disposition made of the pleas does not satisfactorily appear from the record. For instance in one place it says, ''The court sustained the plaintiff's demurrers to original pleas three, four, five, six and seven, and plaintiff's demurrers to defendant's second original plea overruled, also plaintiff's demurrer to third plea overruled.'' It will be seen that the demurrer to the third plea was both sustained and overruled. The abstract shows that the complaint was amended, and to the amended complaint "filed the following additional pleas,'' and which are not set out. The abstract then shows that plaintiff demurred to the "amended or additional pleas, and which demurrer was not ruled on by the court.'' The abstract then states that the cause was tried upon pleas 1 and 2, which are then restated. Plea No. 1 presents the general issue. Plea No. 2, upon which the case was tried, though not in the same language, raises the same legal proposition as that presented in plea No. 3, to which the plaintiff demurred, and the demurrer was overruled. All the special pleas of defendant upon which the trial court ruled, except No. 5, may be disposed of under one head. These pleas present the single question, whether a mortgagee who takes a mortgage upon a crop to be planted or growing, without any notice that the mortgagor, who is in the occupancy of the land, is or may become a tenant as to the crops, by reason of the contract under which he obtains possession of the land, and the right to plant and grow the crop, is an innocent purchaser in the sense that his mortgage lien is superior to that of a landlord. It will be seen that the mortgage lien was created while the crops were growing, and before their removal from the premises. Our attention has been called to no case, and we know of none, where it has ever been held that a purchaser who purchased property from a tenant while the property was upon rented premises, upon which a landlord held a lien, by his purchase acquired a right superior to the landlord, there being no question of waiver or estoppel. In ad-

dition to the many decisions upon this question, the statute is specific in declaring that "a landlord has a lien, which is paramount to, and has a preference over all other liens on the crop grown on rented lands for rent for the current year," &c.—Code of 1886, § 3056. The many decisions cited to this section of the Code are uniform in holding that the landlord's lien continues in force and paramount so long as the property remains on the rented premises, and follows its removal from the premises. After removal from the premises it remains paramount against all persons except such as, for value, without notice, or knowledge of facts calculated to put them on notice, of the existence of the landlord's lien, acquire a right to or lien upon the property.—*Lomax v. LeGrand*, 60 Ala. 537. The fact that the tenant declared that he owned the land, or the mortgagee may have believed that he was the owner, and took his mortgage in good faith, his belief and action not having been superinduced by the landlord, cannot avail against the right of the landlord. Plea No. 2 did not present a defense to the complaint, and the demurrer should have been sustained. The plaintiff recovered, and this question becomes immaterial on this appeal.

A landlord, in actions of this character, cannot recover more than the amount of his demand existing at the time of the trial; and the defendant, upon appropriate pleas, has the right to show payment, in whole or in part, of the landlord's debt, and thereby defeat, or reduce *pro tanto*, as the case may be, the extent of the recovery. A plea which merely avers that the plaintiff had sued out an attachment which was levied upon cotton and other farm products grown on the land by the tenant and others, is too vague and indefinite to present a proper issue. *Non constat* that "others" owed for rent, themselves. The plea does not show that anything was or could be realized from the attachment. No value of the property attached is averred in the plea. The demurrer to this plea No. 5 was properly sustained.

Upon the plea of the general issue, the evidence was sufficient to authorize the giving of the affirmative charge for the plaintiff. The defendant himself admits that he knew the place had been rented to other tenants for the two years previous to its occupation by Walker, his mortgagor, that he made no investigation of Walk-

er's right to the land, further than Walker's statement that he had purchased the place; that he did not inquire into the terms of his purchase. His evidence, in connection with that of the witness Hardwick, if believed, establishes conclusively, that, before the removal of the cotton from the premises, he had sufficient notice to put him on inquiry, which, if followed up, would have informed him of the nature and extent of the tenant's possession and liability for rent.

There is no error in the record.

Affirmed.