# Karter *v.* Fields.

### Action of Trespass on the Case.

1. *Action of trespass on the case; sufficiency of complaint.*—In an action of trespass on the case, a complaint which avers that the plaintiff had been given a mortgage upon certain lands and the crops growing thereon, which mortgage was duly recorded, and that the defendant with knowledge or notice of the plaintiff's mortgage lien thereon bought or received a certain quantity of cotton, which the defendant sold and moved or caused to be moved beyond plaintiff's reach, "or by taking possession of the said cotton and shipping it in his name * * * deprived the plaintiff of the opportunity of enforcing his said lien upon said cotton, or caused the same

[Karter v. Fields.]

to be so mixed with other cotton as to be indistinguishable therefrom, by reason of which acts of the defendant the plaintiff was prevented from enforcing the said lien thereon under his mortgage," all of which unlawful acts were done without the plaintiff's consent, and resulted in the lien of the plaintiff on said cotton being destroyed, and hence he brings the present suit, sufficiently states a cause of action.

2.  *Same; measure of damages.*—In an action on the case for the conversion of cotton subject to a lien, the plaintiff can not recover more than the amount of his demand existing at the time of the trial; and the defendant under appropriate pleas has the right to show payment in whole or in part of the debt secured by the lien, and thereby defeat or reduce *pro tanto* the recovery of the plaintiff.

3.  *Pleading and practice; sufficiency of plea should be tested by demurrer.*—Where a plea is not frivolous, but, while presenting a meritorious defense, is defective, its sufficiency should be tested by demurrer and not by motion to strike.

APPEAL from the Circuit Court of Cullman. Tried before the Hon. H. C. SPEAKE.

This was an action of trespass on the case brought by the appellee, A. E. Fields, against J. H. Karter. This is the second appeal in this case. On the former appeal the judgment in favor of the defendant was reversed and the cause remanded. After the remandment of the cause, the plaintiff amended his complaint by adding the following additional count: "The plaintiff claims of the defendant the sum of one thousand dollars as damages from the defendant, and for cause of action shows: That plaintiff was at the time hereinafter complained of, and is now, the owner and holder of a mortgage executed to him by one J. M. Pearsall and wife, J. R. Pearsall, on or about the 18th day of August, 1890, and duly recorded on the 30th day of August, 1890, in the office of the probate judge of Cullman county, Alabama, in volume 12, page 121 of the mortgage records, which was executed to secure a *bona fide* indebtedness of three hundred dollars, then and there contracted with the plaintiff, and which remains unpaid in part to this day; and said mortgage besides conveying legal title to other property conveyed to plaintiff the equitable title in and to all the crops of cotton raised or caused to be raised by the said J. M.

Pearsall during the year 1892; said Pearsall raised cotton during the year 1892, which cotton was subject to plaintiff's said mortgage and equitable lien, and the defendant with knowledge or notice of plaintiff's lien thereon, did buy or receive, within one year before the commencement of this action, seven bales of cotton of the value of one thousand dollars, which said cotton the defendant sold and removed, or caused to be removed, or removed beyond plaintiff's reach, or by taking possession of the said cotton and shipping it in his name from Cullman to Birmingham, deprived the plaintiff of the opportunity of enforcing his said lien upon said cotton, or caused the same to be so mixed with other cotton as to be indistinguishable therefrom, by reason of which acts of the defendant plaintiff was prevented from enforcing his said lien thereon under his mortgage. And by the aforesaid wrongful acts of the defendant, which were done without plaintiff's consent, the lien of the plaintiff on said cotton has been destroyed to his damage as aforesaid, and hence this suit." To this additional count the defendant demurred upon the ground that said count does not state a cause of action, and that it is not shown that the defendant had actual notice of the alleged lien of the plaintiff. This demurrer was overruled, and the defendant duly excepted. Whereupon the defendant filed the following pleas: 1. "That he is not guilty of the matters and things alleged in said complaint." 2. "That the debt for which the mortgage described in the complaint was given to secure was fully paid or satisfied before this suit was commenced." 3. "That the debt for which the mortgage described in the complaint was given to secure has been fully paid or satisfied since this suit was commenced, and this defendant is ready to verify." 4. "As a further defense the defendant avers that the mortgage relied on in this case by the plaintiff as creating the lien for the destruction of which plaintiff sues to recover damages was given on the following lands, to-wit: The S. W. ¼ of the N. W. ¼ and N. W. ¼ of S. W. ¼ and the N. ½ of N. W. ¼ Sec. 26, Tp. 10, R. 1 west, in Cullman county, Alabama, to secure the purchase money for said lands which the said J. M. Pearsall had

purchased from the said A. E. Fields, said purchase money being eight hundred dollars. And defendant avers that the said J. M. Pearsall having abandoned the possession of said land and since the commencement of this suit the said plaintiff has re-entered and taken possession of said lands and has sold the same for eight hundred and twenty-five dollars, an amount more than sufficient to pay off and discharge in full the said mortgage debt, this defendant is ready to verify."

The third and fourth pleas were sworn to by the plaintiff. The plaintiff moved to strike the second, third and fourth pleas from the file on the ground that they presented immaterial issues and were not an answer to the complaint. The court sustained this motion, and to this ruling the defendant duly excepted.

The cause was tried upon issue joined on the plea of "not guilty." Under the opinion on the present appeal it is unnecessary to set out the facts of the case at length.

There were verdict and judgment for the plaintiff, assessing the damages at $361.20. From this judgment the defendant appeals, and assigns as error the several rulings of the trial court to which exceptions were reserved.

J. B. BROWN and S. T. WERT, for appellant.—The count of the complaint added after the remandment of the cause was subject to the demurrers interposed, and the court erred in overruling such demurrers.—*Collins v. Faulk*, 69 Ala. 58; *Pollock v. Davidson*, 87 Ala. 551; *Malone v. Bedsole*, 93 Ala. 41; *Whittlesoffer v. Strouse*, 83 Ala. 517.

The second, third and fourth pleas of the defendant set up a defense to the maintenance of the action and should have been sustained on motion of the plaintiff. *Ansley v. Bank of Piedmont*, 113 Ala. 473; *Jones v. State*, 100 Ala. 209; *Foster v. Smith*, 104 Ala. 248; *Watkins v. Marks*, 96 Ala. 501; *Slaughter v. Smith*, 67 Ala. 494; *Jackson v. Scott*, 67 Ala. 99; *Marks v. Roberson*, 76 Ala. 550; Code of 1896, § 1067.

W. G. BROWN, EMERY C. HALL and GEORGE H. PAR-
KER, *contra.*—The amended complaint contained a
sufficient cause of action, and the demurrer thereto was
properly overruled.—*Kelly v. Eyster,* 102 Ala. 525;
*Fields v. Karter,* 121 Ala. 329; *Bolling v. Kirby,* 90
Ala. 221.

The question of payment raised in the fourth plea
is definitely settled in *Keith v. Ham,* 89 Ala. 590; *Car-
penter v. Going,* 20 Ala. 587.

SHARPE, J.—Several questions involved in this
case have heretofore been passed on by this court as
will appear in the opinion rendered in *Fields v. Karter,*
121 Ala. 329. Then the complaint as previously
amended, consisted of a single count which was recog-
nized as sufficiently stating a cause of action in case.
By its averments it is shown in substance that defend-
ant with notice of a mortgage given plaintiff by one
Pearsall on certain lands and crops, wrongfully con-
verted cotton equitably covered by the mortgage where-
by plaintiff was deprived of the right to subject the
cotton to the mortgage.

A count has been added since the remandment which is
likewise sufficient. It is like the first, except that in addi-
tion to the averments first made as to the mode in which
defendant dealt with the cotton, it is alternatively aver-
red that he "by taking possession of the said cotton and
shipping it in his own name from Cullman to Birming-
ham deprived the plaintiff of the opportunity of en-
forcing his said lien," etc. This averment as well as
the other acts alternatively attributed to the defendant,
coupled with the averments that defendant proceeded
with notice of plaintiff's rights and without his consent,
show such wrongful interference with the cotton as
constitutes a conversion.—*Boutwell v. Parker,* 124 Ala.
341; *Bolling v. Kirby,* 90 Ala. 215; *Connor v. Allen,*
33 Ala. 515. It does not necessarily follow from such
conversion that the plaintiff is entitled to recover the
entire value of the cotton. The only damage alleged to
have resulted to the plaintiff is the destruction of his
lien. The lien was valuable only as a security for the
debt, and if the debt was paid or satisfied in whole or

[Karter v. Fields.]

in part from other property held as a like security or from other source, that fact constitutes a defense to the extent the debt was satisfied. The case is strictly analogous to that of *Waite v. Corbin,* 109 Ala. 154, where in an action on the case for the conversion of cotton subject to a landlord's lien, it was said by the court: "A landlord, in actions of this character, cannot recover more than the amount of his demand existing at the time of the trial; and the defendant, upon appropriate pleas, has the right to show payment in whole or in part of the landlord's debt and thereby defeat or reduce *pro tanto* as the case may be the extent of the recovery." This defense goes in negation of the claim of damages and when occurring before suit need not be specially pleaded. To prove that a debt held by the plaintiff against a third person was not lost in consequence of a conversion of the security is but to show that damages were prevented. A material averment of the complaint is that the plaintiff was damaged in an amount stated. "The general issue is not guilty and puts in issue all the material averments of the complaint."—Code, § 3295. The general rule applicable to actions in case is that proof in repression of damages may be made under the general issue.—2 Green. Ev., § 625; 1 Chitty Plead. (14th ed.), 490. For this reason and because not guilty was pleaded, it may be that the defendant was not injured by the court's action in striking out the second plea.

Matters of defense occurring after suit brought are subjects for special pleas.—*Evans v. Cincinnati, etc., R. Co.,* 78 Ala. 341; *Dryer v. Lewis,* 57 Ala. 551. Such were the defenses attempted under the third and fourth pleas. Those pleas were not frivolous. Whatever amount was saved to the plaintiff by collections from Pearsall or his property cannot be counted as damages and collected again from defendant. The striking out of the last mentioned pleas was error for which the judgment must be reversed. Objection to whatever defects may have inhered in those pleas should have been made by demurrer. The striking out of a plea presenting a meritorious defense is not justified by mere defects in its form.—*Mahoney v. O'Leary,* 34 Ala.

97; *Lankford v. Green*, 62 Ala. 314; *L. & N. R. Co. v. Brown*, 121 Ala. 222; *Morgan v. Rhodes*, 1 Stew. 70; 16 Ency. Pl. & Pr. 582.

It seems unimportant to discuss the merits of the case further than has been done in the foregoing and on the former appeal, or to pass on questions dependent on evidence and rulings which may assume other forms if the case should be tried again.

Reversed and remanded.