[Karter v. Fields.]

# Karter *v.* Fields.

## *Action of Trespass on the Case.*

1. *Action on the case; sufficiency of plea.*—In an action of trespass on the case, to recover damages for the sale and removal of cotton on which plaintiff claimed to have a lien by virtue of a mortgage, of which the defendant had knowledge or notice, whereby plaintiff was prevented from enforcing his said lien, where the defendant pleads the general issue, the sustaining of a demurrer to a special plea averring "that the debt, the considera..on of the mortgage described in the complaint, was paid or satisfied in full before this suit was brought," if erroneous, is error without injury; since the defendant had the right to make proof of the fact set up by the special plea, under the plea of tue general issue.

2. *Same; same.*—In such a case, a special plea setting up that the mortgage described in the complaint was given to secure notes executed for the purchase money of certain lands, and that the plaintiff in effecting the sale of said lands made misrepresentations in reference thereto, and declined, upon the request of the purchaser, to execute and deliver the deed describing the lands contracted to be sold, and that upon such refusal on the part of the plaintiff, the purchaser "offered to rescind said contract for the purchase of said land and abandon the possession of the land which he had purchased and of which he was in possession, and the plaintiff thereupon and before the commencement of this suit entered upon said land and assumed the control and possession thereof," and subsequently sold them to another party, does not set up the rescission or cancellation of the contract, and is subject to demurrer.

3. *Same; same.*—In such a case, a special plea which avers "that the debt, the consideration for the execution of the mortgage mentioned in the complaint, has been paid or satisfied since this suit was commenced, is defective as a plea since the last continuance, and is subject to demurrer; such plea failing to show that the plaintiff accepted anything in satisfaction of his debt.

4. *Same; same; res adjudicata.*—In such a suit, where the complaint alleges that the cotton, which was purchased by the

[Karter v. Fields.]

defendant, was raised in the year 1893, a special plea which sets up that the plaintiff had recovered a judgment against this defendant "for cotton alleged by the plaintiff to have been purchased by the defendant during the year 1892 or 1893, which said cotton was alleged to have been described in the mortgage referred to and described in the complaint in the present case, and defendant alleges that said suit was between the same parties as this suit and upon the same cause of action or lien described in said suit, and said amount so recovered was for an amount more than was due upon said mortgage," is defective as a plea of *res adjudicata,* and is subject to demurrer.

5. *Pleading and practice; amendment of complaint.*—In an action of trespass on the case, where the plaintiff seeks to recover damages for the purchase and removal of cotton on which the plaintiff had a lien by mortgage, whereby plaintiff was prevented from enforcing said lien, and in the complaint it is alleged that the cotton in controversy was raised during the year 1892, the plaintiff can, upon motion, amend the complaint by striking out the year 1892 and inserting in lieu thereof the year 1893; such amendment not making an entirely new cause of action, but simply correcting the averment of the year in which the cotton was raised.

6. *Pleading and practice; when appeal not dismissed because defendant adjudged bankrupt.*—Where the defendant in a State court, against whom a judgment has been rendered, takes an appeal, and pending such appeal the defendant is adjudged a bankrupt by the United States District Court, and as such is discharged from all debts and claims which are made provable under the act of bankruptcy, and subsequently there is a motion made in the Supreme Court to dismiss the appeal because the defendant had been adjudged a bankrupt, but it is not made to appear that the debt to the defendant, which is sought to be enforced by said suit in which the appeal was pending, was among the debts which were duly scheduled in the bankruptcy proceedings and from which he sought relief, and it is not shown that the plaintiff in the suit wherein the appeal is pending had notice or knowledge of the proceedings in bankruptcy, the motion to dismiss said appeal should be denied.

7. *Action on the case for destruction of lien; estoppel.*—In an action of trespass on the case to recover damages for the purchase and removal of cotton on which plaintiff claimed a lien, whereby the plaintiff was prevented from enforcing his said lien, where the claim of plaintiff to the cotton in con-

23

troversy was based upon a mortgage executed to him by a
third person, the defendant in the suit is not estopped from
setting up that the said mortgagor did not have title to the
lands described in the mortgage, upon which lands the cot-
ton alleged to have been purchased by the defendant was
raised.

APPEAL from the Circuit Court of Cullman.

Tried before the Hon. H. C. SPEAKE.

This was an action of trespass on the case, brought by
the appellee, A. E. Fields, against the appellant, J. H.
Karter, and sought to recover damages for the sale and
removal of cotton in the year 1893 by the defendant,
upon which cotton the plaintiff claimed to have had a
lien under and by virtue of a mortgage, of which lien
and mortgage the defendant had knowledge or notice,
and that by reason of such sale and removal of the cotton
by the defendant, the plaintiff was prevented from en-
forcing his lien. In the amended complaint, as filed, it
was averred that the cotton in controversy was raised
by one J. M. Persall in the year 1892, and that on said
cotton the plaintiff had a lien by virtue of a mortgage
executed to him by said Persall. There were demurrers
interposed to the amended complaint, which were over-
ruled, but the judgment of the court in overruling the
demurrers to the amended complaint not being passed
upon in the opinion on the present appeal it is unneces-
sary to set out the demurrers in detail.

To the amended complaint the defendant pleaded the
general issue of not guilty and the following special
pleas: "Second. That the debt, the consideration of the
mortgage, described in the complaint, was paid or satis-
fied in full before this suit was brought.

"Third. That the mortgage described in the
complaint and the note for which said mort-
gage was given to secure, were executed by J.
M. Persall for the purchase money of the following
described lands, to-wit: the north half of the northwest
quarter and the southwest quarter of the northwest
quarter and northwest quarter of the southwest quarter,
section 26, township 10, range 1 west, Cullman county,

which said J. M. Persall had purchased from said plaintiff; that said plaintiff at the time said Persall executed said notes and mortgage, represented to said Persall that he, plaintiff, had a good title to said lands and would execute and deliver to him, Persall, a good deed thereto; and defendant avers that said plaintiff, notwithstanding his said contract to execute to said Persall a good dead to said lands, and with intent to defraud said Persall, executed and delivered a deed describing other lands of less value and to which plaintiff had no title, and refused, upon demand made by said Persall and presentation of a warranty deed for execution describing the lands purchased by said Persall, after he had discovered plaintiff's fraudulent acts, to execute to said Persall a good deed to the lands he had purchased from said plaintiff; and defendant avers that said Persall, upon refusal of said plaintiff to execute to him such good deed, offered to rescind said contract with said Fields for the purchase of said lands and abandoned the possession of the lands which he had purchased, of which he was in possession, and the said Fields thereupon, and before the commencement of this suit, entered upon said lands and assumed control and full possession thereof, thereby accepting the said offer of said Persall, and sold the lands to another party for an amount equal to said mortgage debt.

"Fourth. The plaintiff's action is barred by the statute of limitation of one year.

"Fifth. That the debt, the consideration for the execution of the mortgage mentioned in the complaint, has been paid or satisfied since this suit was commenced.

"Plea No. 6. The defendant for further answer to the complaint on file in this cause says that heretofore, towit, on the 18th day of September, 1899, the plaintiff recovered a judgment in the circuit court of Cullman county, Alabama, against this defendant for the sum of three hundred and sixty-one and 20-100 dollars for cotton alleged by plaintiff to have been purchased by the defendant during the year 1892 or 1893, which said cotton was alleged to have been described in the mortgage re-

[Karter v. Fields.]

ferred to and described in the complaint in this cause, and defendant alleges that said suit was between the same parties as this suit and upon the same cause of action or lien described in this suit, and said amount so recovered was for an amount more than was due upon said mortgage by said Persall at the time of the commencement of this suit, and defendant pleads said judgment as a credit upon said mortgage and in satisfaction and payment of the same and in bar to this action."

To the second plea the plaintiff demurred upon the following grounds: 1. Said plea does not allege or show that the mortgage was paid or satisfied at the time of the wrong or injury mentioned in the complaint. 2. Said plea is in the nature of a plea of accord and satisfaction and does not allege or show that plaintiff was in any way connected with or advised of the payment or satisfaction of said mortgage. 3. Said plea does not allege or show how, in what way or to whom the consideration of said mortgage was paid or satisfied.

To the third plea the plaintiff demurred upon the following grounds: 1. Said plea presents no defense to the matters alleged in the complaint. 2. Said plea does not allege or show that the matters and things set up in said plea as an answer to the complaint were performed before the wrong and injuries mentioned in the complaint were committed by the defendant. 3. Said plea does not allege or show that said alleged rescission of the said land sale to said Persall was to be in satisfaction and settlement of any claim or right of action of plaintiff against the defendant, because of the wrongs and injuries mentioned in the complaint, or that such alleged rescission was made in satisfaction thereof. 4. It is not alleged or shown in said plea that the alleged acts therein mentioned were done and performed in consideration and satisfaction of the wrongs and injuries complained of in the complaint.

To the 6th plea the plaintiff demurred upon the following grounds: 1. Said plea does not allege or show that the cause of action in the two cases are identical and the same. 2. Said plea does not allege or show that said alleged judgment has been paid or satisfied. 3.

Said plea proposes to be a plea of *res adjudicata,* and fails to allege or set forth the necessary fact constituting the essential elements of such a plea.

To the 5th plea the plaintiff demurred upon the following grounds: "1. Said plea does not allege or show any facts, if established by legal evidence, which are a defense to this action. 2. Said plea does not allege or show that the wrong and injury mentioned in the complaint has been compromised or satisfied, or that the payment or satisfaction of the mortgage is a satisfaction of plaintiff's cause of action against defendant as alleged in the complaint."

These separate demurrers to the several pleas were each sustained, and the cause was tried upon issue joined on the plea of the general issue.

The plaintiff asked leave of the court to amend the amended complaint, which averred that the cotton in controversy was raised by J. M. Persall during the year 1892, and that the plaintiff had a lien upon the cotton raised in the year 1892, by striking out of said count the figures 1892 and inserting in lieu thereof where they occurred in said count, the figures "1893." The defendant objected to the allowance of this amendment, upon the ground that it worked an entire change of the cause of action. The court overruled the objection, allowed the plaintiff to amend his complaint as requested; and to this ruling of the court the defendant duly excepted.

The plaintiff introduced in evidence as the basis of his claim to the cotton alleged to have been purchased and removed by the defendant, a mortgage, which was given to the plaintiff by J. M. Persall and his wife, J. R. Persall, on August 18, 1890. This mortgage was upon certain specifically described lands, and also upon all the crops grown by the mortgagees "from year to year until this debt is satisfied in full."

There was evidence introduced tending to show that the mortgage was given to the plaintiff to secure the purchase money for the lands conveyed in said mortgage, which lands were sold by the plaintiff to said J. M. Persall, and that these lands were known as the "Archer Place."

The evidence for the plaintiff tended to show that the cotton involved in this suit was raised by said Persall on the lands conveyed in said mortgage, in the year 1893, and were purchased by the defendant and removed by him, and that the plaintiff was thereby prevented from enforcing his lien upon said cotton.

There was evidence introduced on the part of the defendant tending to show that the cotton which was sold by Persall to the defendant, and which the defendant removed, was raised in the year 1892, and there was further evidence introduced by the defendant tending to show that the land involved in the mortgage was not the same land as is known as the "Archer Place," and further, that the mortgage indebtedness of the defendant to the plaintiff had been paid.

During the trial, the plaintiff was introduced as a witness in his own behalf, and after testifying to the sale of the lands known as the "Archer Place" to Persall, in the year 1890, testified that Persall and his wife executed the mortgage introduced in evidence to him to secure the purchase money, and that the plaintiff put said Persall in possession of said lands in 1890; and that he made crops upon said lands in the years from 1890 through the year 1893.

Upon the cross-examination of this witness, he was asked who was in possession of the lands, and whether or not he had sold the lands, after he had sold them to Persall, and what was the value of the lands in the year 1893, and what was their value in each of the years subsequent to the purchase, and what was the value of the lands just before suit was brought? To each of these questions the plaintiff separately objected. The court sustained each of the objections to the several questions, and to each of these rulings the defendant separately excepted. These rulings constitute the bases of the assignments of error from 16 to 26, both inclusive.

The portion of the court's oral charge, and the charge refused to the defendant, the rulings upon each of which are reviewed on the present appeal, are set forth in the opinion. The other facts of the case are sufficiently shown in the opinion.

There were verdict and judgment for the plaintiff. The defendant appeals, and assigns as error the several rulings of the trial court, to which exceptions were reserved.

The facts relating to the motion while in this court, to abate and dismiss the appeal, are each sufficiently stated in the opinion.

J. B. BROWN, for appellant.—The appeal should not be dismissed because the defendant has been adjudged a bankrupt. It is not enough to show that one J. H. Karter has been adjudged a bankrupt and that he has been discharged from such debts as were duly scheduled, etc.; but it must at least be shown that *this appellant* (the identity of the parties must be shown by affirmative advertisement proof) has been adjudged a bankrupt, and that he has been duly discharged from all liability created by the judgment appealed from, and to this end that this judgment was duly proved as a claim, and that the appellee was a party to or had notice of the proceedings. Anything short of this should not even invite serious consideration of the court, or cause the court to go into the question of appellant's right to prosecute the appeal.—*Booker v. Adkins,* 48 Ala. 529; *Difer v. Mannaheim,* 81 N. W. Rep. 2; *Eysler v. Goff,* 91 U. S. 521; *Kimberly v. Hartley,* 1 Fed. Rep. 571; *In re Russell,* 101 Fed. Rep. 248; *Ward v. Tunstall,* 61 Tenn. 319; *Alston v. Wingfield,* 53 Ga. 18; *Ramsey v. Fellows,* 58 N. H. 607.

The demurrer to the 2d plea should have been overruled.—*Karter v. Fields,* 130 Ala. 430.

The third plea shows a purchase of land; that the mortgage relied on by plaintiff in this suit was given to secure the purchase money; that on account of fraud, the purchaser offered to rescind the contract and surrender the possession of the land, and shows an acceptance and ratification of this offer by the vendor of the rescission. This destroys the legal effect of the contract and security and is a valid defense against one relying upon the lien. The lien was valuable only as a security for the debt, and if the debt was paid or satisfied in

[Karter v. Fields.]

whole or in part from other property held as a like security or from other sources, that fact constitutes a defense to the extent the debt was satisfied.—*Karter v. Field*, 130 Ala. 430; *Ansley v. Bank of Piedmont*, 113 Ala. 475; *Jones v. State*, 100 Ala. 209; *Bekman v. Newton*, (Ala.) 15 So. Rep. 838; 3 Brick. Dig. 152, 153, §§ 146, 147, 149; *Young v. Arntz*, 86 Ala. 116; *Sheff. Furnace Co. v. Hull Coal Co.*, 101 Ala. 446.

The fifth plea is in the nature of a plea since the last continuance and is not sworn to, but this objection was not made by the demurrers. This defect could have been amended in the court below, and this defect is not before this court.—*Milligan v. Pollard*, 112 Ala. 465. The matters set up are the subject of special plea and constitute a valid defense, and the plea is not subject to the demurrers interposed.—*Karter v. Fields*, 130 Ala. 430, and authorities cited.

The defendant's sixth plea shows a recovery of an amount sufficient to satisfy the mortgage debt, and plaintiff is entitled to recover no more than the amount due on the mortgage debt.—*Karter v. Fields, supra.*

GEORGE H. PARKER, *contra.*—The appeal should have been dismissed. The appellant was adjudged bankrupt, and as such was discharged from all his debts, as shown by the certificates. These certificates are conclusive of the facts set forth therein.—*Oats v. Parrish*, 47 Ala. 157.

The sustaining of the demurrer to the second plea was not prejudicial to the defendant. The facts averred in this plea could have been proved under the plea of not guilty. This was expressly decided when this case was before this court on the former appeal.—*Karter v. Fields*, 130 Ala. 430.

The other rulings of the trial court were free from error.—*Karter v. Fields*, 121 Ala. 329; *Karter v. Fields*, 130 Ala. 430.

HARALSON, J.—This suit was instituted in May, 1894, by the appellee, Fields, against the defendant and appellant, Karter, and is an action in case to recover damages for the sale and removal of cotton, on which

plaintiff claimed he had a lien by mortgage, of which lien defendant had knowledge or notice, whereby plaintiff was prevented from enforcing his said lien.

On the 14th of March, 1901, the defendant was, by the District Court of the United States for the Northern Division of the Northern District of Alabama, duly adjudged a bankrupt under the act of Congress relating to bankruptcy, and on the order and judgment of said District Court, made and entered on the 17th of November, 1901, he was duly discharged from all debts and claims which existed on the 4th of March, 1901, and which are made provable by said act against his estate,—all of which appears by a certified transcript of said bankruptcy proceedings in said District Court of the United States.

On the 25th of November, 1902, the plaintiff submitted in this court his motion to abate and dismiss this appeal, on the ground that since the appeal was taken, the defendant had been adjudged a bankrupt by said District court, and as such, discharged from all his debts, as shown by his said motion and the certified proceedings of said court, attached thereto. On the same day, the cause was submitted for our decision on said motion and on its merits.

The overruling of the demurrer to the amended complaint, on which the case was tried, is not insisted on.

The 2d plea was in substance the same as the 2d plea when the case was here on the last appeal, (130 Ala. 430). The plea of the general issue had been pleaded. We then said, that "The general rule applicable to actions in case is, that proof in repression of damages may be made under the general issue." This plea had been stricken, and the court added: "For this reason, [the one just quoted], and because not guilty was pleaded, it may be that the defendant was not injured by the court's action in striking out the second plea." The same principle applies, where, as here, the court sustained plaintiff's demurrer to the 2d plea.

A demurrer was sustained to the 3d plea. There is nothing in this plea that shows when the acts set up therein occurred. If they occurred before the com-

mencement of the suit,—and the allegations must be so held, construing the plea most strongly against the pleader,—then, any acts therein set up could have been given in evidence under the general issue which was pleaded.—*Karter v. Fields, supra.* Furthermore, the plea seeks to set up the cancellation of the contract between Fields and Persall, as to·the land on which the crops were grown. But, it is not available to this end. It falls short of setting up a rescission or cancellation of the contract. It only alleges, that Persall abandoned the lands, and that Fields, thereafter, before the commencement of the suit, entered upon said lands, assumed control of the same, and sold the same to another party.

The mortgage stipulates, if there was any default in the payment of either of said notes, it should become forecloseable, and that the mortgagee, his agent, or assigns, should have power to take immediate possession of said property, and proceed to sell it, in the manner specified therein. What is averred in the plea is consistent with the idea, that Fields foreclosed his mortgage under the power therein, and that his taking possession was in pursuance of the terms of the mortgage. The plea must be construed most strongly against the pleader.

These considerations dispose of assignments of error numbered 16 to 26, both inclusive. The evidence sought to be introduced was properly disallowed.

The fifth is a plea since the last continuance, and alleges that the debt, the consideration of the mortgage mentioned in the complaint *has been paid or satisfied* since this suit was commenced. It may be true, that if a debt has been satisfied, it has been paid, but the plea of payment and satisfaction are not the same. Whether a debt has been satisfied, depends upon the acceptance by the owner of the debt, of the thing offered in satisfaction. The plea fails to show that the plaintiff accepted anything in satisfaction of his debt. To be good as a plea of satisfaction, it should have gone further, and stated the facts constituting the satisfaction, and that plaintiff accepted what was done or offered in satisfaction.

The 6th plea is lacking in averment as one of *res ad-
judicata.* It is true that it alleges the suit referred to
between these parties, in which plaintiff recovered a
judgment, was for cotton alleged by plaintiff to have
been purchased by the defendant, during the year 1892
or 1893. The averment must be taken most strongly
against the pleader, and must be construed as being for
the cotton for the year 1892. This suit relates alone to
cotton taken in the year 1893. The recovery, for ought
appearing, in the other suit, was for cotton taken in
1892, and not in the year 1893. It was necessary to be
averred that the subject matter of the two suits was
identical.—*Gilbreath v. Jones,* 66 Ala. 132.

There was no error in allowing the amendment of the
complaint striking out 1892 and inserting 1893. This
did not make entirely a new cause of action. This amend-
ment was simply a correction of the complaint as to the
averment of the year in which the cotton was raised.
*Crimm's Admrs. v. Crawford,* 29 Ala. 623; *Springfield
F. & M. I. Co. v. DeJarnett,* 111 Ala. 257.

The certificate from the District Court of the United
States, of the adjudication in bankruptcy by said court
of the defendant, J. H. Karter, and his discharge as
such, recites "that said J. H. Karter is discharged from
all debts and claims which are made provable by said
acts (of Bankruptcy of the United States) against his
estate, and which existed on the 4th of March, A. D.
1901, on which day the petition for adjudication was
filed by him; excepting such debts as are by law ex-
empted from the operation of a discharge in bank-
ruptcy."

There is not attached to the petition, nor is it other-
wise made to appear, that the debts of defendant, from
which he sought relief in bankruptcy, were duly sched-
uled, or if so, that the debt in this suit sought to be en-
forced, was among them, nor does it appear that the
plaintiff had notice or knowledge of the proceedings in
bankruptcy. It is stated by Mr. Collier, that "Jurisdic-
tion of the creditor now depends, not on the petition and
the adjudication, but on the facts, either that the debt
was 'duly scheduled in time for proof and allowance,' or,

if not, that the 'creditor had notice or actual knowledge of the proceedings in bankruptcy.' "—Collier on Bankruptcy, p. 200, subd. 3.

As there is nothing in the motion to dismiss the appeal, to show that defendant was discharged in bankruptcy of the particular liability sought here to be enforced against him, the motion to dismiss the appeal must be denied.

It has appeared, that the plaintiff in the judgment below made this motion to dismiss the appeal, because the defendant had been adjudged a bankrupt. It is not denied that the judgment obtained by plaintiff against defendant, before his adjudication in bankruptcy, and the debt on which it was founded were such as the defendant might have been discharged from in the bankruptcy court. It is altogether probable, therefore, that in case of a reversal of the judgment, there will never be another trial in the court below. We deem it unnecessary, therefore, to pass upon the exceptions to the admission and rejection of evidence found in the record.

It will be altogether sufficient to ascertain, if in any of the charges given for plaintiff or refused to defendant, there was error for which the case must be reversed.

The court in its oral charge instructed the jury, that "Defendant is estopped from saying that Persall did not have title to the lands described in the mortgage." In this there was error, for defendant was not estopped to show that Persall had no interest in the land when he made the mortgage in 1890, to support the same on crops to be grown in 1893.

Again, in charge 17 the jury were instructed, "that although the mortgage recites that J. M. Persall and J. R. Persall (his wife) owned the land described in the mortgage, yet before you [they] can find from such recitals that J. M. Persall had an interest in the Archer Place, you [they] must be reasonably satisfied that the lands described therein and the Archer place is the same land." Whether the mortgage of 1890 from Persall to Fields, vested the latter with a lien on crops grown in 1893, depended upon whether Persall was the owner of the land on which the crops were grown in 1893, when

he executed the mortgage in 1890 and this de-
pended upon whether the land mortgaged was identi-
cal with the land included in the Archer Place, a ques-
tion proper for the determination of the jury under the
evidence.

For the error in these charges let the judgment below
be reversed and the cause remanded.

Reversed and remanded.