(84 South. 556)

DONOHOO v. ZELLNER. (7 Div. 596.)

(Court of Appeals of Alabama. Oct. 28, 1919.)

LANDLORD AND TENANT ⬥⬥251(4) — COMPLAINT BY LANDLORD TO RECOVER FOR REMOVAL OF CROP BY A MORTGAGEE HELD TO STATE A CAUSE OF ACTION.

A complaint, alleging plaintiff was the owner of described lands on which a crop of corn was grown by his tenant, that plaintiff had a lien on the crop for rent, and that defendant took possession of the corn and removed and disposed thereof, preventing· plaintiff from enforcing his lien to his damage, is sufficient to state cause of action.

Appeal from Circuit Court, St. Clair County; O. A. Steele, Judge.

Action by W. F. Donohoo against W. W. Zellner, begun in justice court and appealed by defendant to circuit court. A judgment was rendered for plaintiff by the circuit court, and, the same having been set aside on defendant's motion for new trial, plaintiff appeals. Reversed and rendered.

The action was one to recover the value of corn on which plaintiff claimed a landlord's lien, and which defendant had taken under a mortgage executed by one T. F. George.

Frank B. Embry, of Pell City, for appellant.

Court erred in setting aside the verdict and granting the defendant a new trial. 102 Ala. 325, 14 South, 657; 171 Ala. 120, 55 South. 99; 109 Ala. 313, 19 South. 507; 135 Ala. 622, 33 South. 832; 169 Ala. 499, 53 South. 1005; Acts 1915, p. 722.

W. A. Starnes and M. M. Smith, both of Pell City, for appellee.

No brief came to the Reporter.

BRICKEN, J. This suit originated in the justice of the peace court, and from a judgment for plaintiff in said court, the defendant (appellee here) appealed to the circuit court.

The cause in the circuit court was tried by the court without a jury, and judgment was again rendered for plaintiff. The court thereafter, upon motion of appellee, set aside said judgment, and granted appellee a new trial, and from this action of the court this appeal is taken.

The complaint contained two counts, the second count being as follows:

"Plaintiff claims of defendant the other and further sum of $50 as damages, and avers that on, to wit, the 4th day of December, 1917, he was the owner of the northwest quarter of southeast quarter, section 21, township 16, range 3 east, upon which land a crop of corn was grown during the year by one T. F. George, and upon said crop plaintiff had a lien for rent, and that on, to wit, the 5th day of December, 1917, the defendant took possession of said corn grown upon said rented land, and has removed and disposed of same; has prevented plaintiff from enforcing his lien for the collection of his rent to plaintiff's damages in the sum of $50."

We have examined the testimony carefully, and are of the opinion that the evidence was sufficient to prove the averments of this count 2 of the complaint, and that the plaintiff was entitled to recover under that count. Waite, La Fils & Co. v. Corbin, 109 Ala. 154, 19 South. 505. The court properly rendered judgment for plaintiff.

We have not been furnished with a brief for appellee, and we do not know upon what theory the court set aside the judgment.

The judgment of the circuit court setting aside the judgment of the court and granting defendant a new trial is reversed, and a judgment is here rendered, overruling defendant's motion for a new trial.

Reversed and rendered.