(122 So. 614)

## ROBERTS v. E. L. THOMPSON & SON.

### (8 Div. 688.)

Court of Appeals of Alabama. April 16, 1929.

Rehearing Denied May 7, 1929.

W. W. Callahan, of Decatur, for appellant.

Tennis Tidwell, of Decatur, and Sample &
Kilpatrick, of Hartselle, for appellees.

BRICKEN, P. J. Appellees brought suit in
the Morgan county court, against appellant,
for the wrongful taking of seven bales of cot-
ton raised by C. J. Roberts in the year 1921.
The amount claimed in the first four counts
of the complaint was $500, while that claimed
in the fifth count was $500, with the interest
thereon. The complaint was amended by the
addition of count A, which declared upon the
destruction of plaintiffs' mortgage lien upon
five bales of cotton covered by a mortgage
executed by C. J. Roberts to plaintiffs on or
about the 20th day of January, 1921.

There was judgment for plaintiffs in the
sum of $555.64, and, from this judgment, de-
fendant appealed.

On and prior to the 8th day of March, 1920,
J. C. Roberts owned and was in possession of
a certain 80-acre tract of land in Morgan
county, Ala. On that day he sold and con-
veyed said land to his son, C. J. Roberts, and
took a mortgage back upon said land to se-
cure the purchase money which C. J. Roberts
agreed to pay for said land, amounting to

$3,000. The note evidencing the debt was for
the sum of $3,000, and payable December 1st,
and was dated March 8, 1920. The year in
which the note was payable is not expressed
in the note or in the mortgage, and this leads
to some confusion because the mortgage con-
tains this provision: "This note is to ———
paid by $300.00 each year until paid out."

According to plaintiffs' evidence, plaintiff
took a mortgage from C. J. Roberts covering
"the entire crop of cotton, corn, fodder, grain,
or other articles of any kind raised or caused
to be raised, or to be raised by C. J. Roberts
and family during the year 1921." This mort-
gage was executed on the 20th day of Janu-
ary, 1921, by C. J. Roberts, and was filed for
record on January 27, 1921, in the office of
the Judge of Probate of Morgan County.

E. L. Thompson, by whom said mortgage
was prepared, and by whom its execution was
proved, testified that he knew the place on
which C. J. Roberts lived and made a crop in
the year 1921, describing said place as the
same was described in the purchase-money
mortgage given by C. J. Roberts on the 8th
day of March, 1920, and which was filed for
record on the 9th day of March, 1920. Said
E. L. Thompson further testified that C. J.
Roberts lived and made a crop of corn and
cotton on said land in the year 1921. Further
testifying, this witness said he had known
that place for many years, and had known
that prior to 1920, the defendant, J. C. Rob-
erts, was the owner of the place and had been
for many years.

The evidence shows, without substantial
dispute, that J. C. Roberts, defendant, took
and converted to his own use the cotton and
other farm products grown on said land dur-
ing the year 1921.

The testimony for the defendant tended to
show that C. J. Roberts did not pay the debt
secured by the mortgage, given by him to J.
C. Roberts on the 8th day of March, 1920.
Defendant, testifying in his own behalf,
stated that on or about the 20th day of De-
cember, 1920, C. J. Roberts stated to him that
he could not make the payments of the pur-
chase-money mortgage given by him, and that
he would execute a deed back to his father,
the defendant, conveying to the defendant
the land described in said purchase-money
mortgage, and that, in accordance with this
agreement, C. J. Roberts and his wife exe-
cuted to defendant a deed to said land which
was introduced in evidence, and which bore
date December 30, 1920. Said deed was ac-
knowledged by the grantors before S. J.
Sparkman, a justice of the peace, on the 30th
day of December, 1920, according to the recit-
als of said acknowledgment. The acknowl-
edgment recites that they acknowledged be-
fore said justice of the peace "on this day,
that being informed of the contents of the
foregoing conveyance, they executed the

same, voluntarily on the day the same bears date."

In the separate acknowledgment of the wife, the justice of the peace certified "that on the 30th day of December, 1920, came before me the within named Dixie Roberts," etc. This separate acknowledgment bears date the 30th day of December, 1920.

The land conveyed was a homestead, because, according to the testimony of plaintiff, C. J. Roberts *lived* on the land. The separate acknowledgment of the wife, taken separate and apart from the husband, was essential to the validity of the deed, and by the statute had to conform in its provisions to the form set out in the statute effective at the time of the execution of said deed. Code 1907, § 4161. The acknowledgments taken by the justice of the peace do conform to the forms expressed in the Code 1907.

Over the timely objection of defendant, the justice of the peace who took the acknowledgments was allowed by the trial court to testify "that he took the acknowledgment and signed his name thereto on December 30, *1921.*

The taking and certifying of an acknowledgment to a conveyance of lands is a judicial act. The justice of the peace testified in regard to the execution of the deed that "C. J. Roberts and his wife were there present at the time and signed and acknowledged the same on that date." Both the conveyance and the parties executing it were present before the officer, and the officer had jurisdiction of the parties and of the subject-matter. His certificate is conclusive of all the facts he was required by law to certify. He should not have been allowed to impeach his own judicial act. Moore et al. v. Bragg, 212 Ala. 481, 103 So. 452, and cases cited.

Because of this error—permitting the officer to impeach his certificate of acknowledgment—insisted upon in appellant's assignments of error 1 and 2, the judgment of the trial court must be reversed, and the cause remanded.

Over the timely objection of defendant, the plaintiff was permitted to introduce in evidence a certain oil lease, or mineral lease, executed by C. J. Roberts and Dixie Roberts, his wife, to W. C. Clark, on the 3d day of January, 1921, covering the lands described in the deed from C. J. Roberts and wife, bearing date December 30, 1920. We cannot see the relevancy or materiality of this documentary evidence. The declarations or admissions of a party are evidence against himself, but cannot be evidence against another who was not privy to them. The fact that C. J. Roberts declared by this oil or mineral lease that he owned the land, or the fact that the plaintiffs, the mortgagees in the crop mortgage, may have believed that C. J. Roberts was the owner of said lands, this belief and their action in taking the crop mortgage in good faith, not having been superinduced by J. C. Roberts, landlord, according to his statement, cannot avail against the right of the landlord. Waite et al. v. Corbin, 109 Ala. 154, 19 So. 505.

For the errors pointed out, the judgment appealed from is reversed, and the cause remanded.

Reversed and remanded.