## WOODRUFF *vs.* ROSE.

[MOTION TO DISMISS APPEAL.]

1. *Appeal; when dismissed.*—An appeal will be dismissed, on motion of the appellee, if it be sued out before a final judgment or decree, in the court below.
2. *Final judgment; what not such as will support an appeal to this court.*—Overruling a motion, made by the plaintiff, to permit the sheriff to amend his return on levying an attachment, or granting a motion by the defendant to set aside and vacate the levy of the sheriff, in such a case, is not either of them such a final judgment as will support an appeal to this court.

APPEAL from the City Court of Selma.
Tried before the Hon. J. S. CORBIN.

THIS was an action commenced in the city court of Selma, by the appellant, N. Woodruff, against the appellee, W. A. Rose, by attachment. The sheriff levied the attachment on five bales of cotton, the property of defendant. At the February term, the defendant appeared, and moved the court to set aside and discharge the levy made; and the plaintiff thereupon moved the court to allow the sheriff to amend his return. Under the view of the case taken by the court, it is unnecessary to set out either the grounds on which the motions were based, or the evidence in the case. The court "overruled the motion of plaintiff, to allow the amendment to the return, and granted the motion

of defendant, and set aside and discharged the levy made in the case, and the plaintiff excepted."

The appellee now moves the court to dismiss the appeal in this cause, " 1. Because the attachment was not dismissed, or quashed, but is still pending; 2. Because there has been no such final judgment in the case as will authorize an appeal."

BYRD & BYRD, for appellant.—1. An appeal lies from an order of the court quashing an attachment. Where suit is commenced by an original attachment, the quashing of the process is an end of the suit. Such is the legal effect of such an order, though no judgment for costs is entered, and no order is made dismissing the suit.

And in this case, we insist that the quashing of the levy made by an orignal attachment, is in legal effect a quashing of the attachment. For when the attachment has been levied and returned by the officer, and the levy vacated and quashed, it is *functus officio,* and the suit is at an end in legal contemplation, for the attachment can not be re-issued, nor the suit be retained in court. The levy gave vitality to the suit, and with its death the suit must and does die.

We therefore insist, that under section 3486 of the Revised Code, as well as the former decisions of this court, an appeal lies from the judgment vacating the levy of an original attachment.

2. The court below erred in quashing the levy upon the grounds disclosed in the bill of exceptions. It shows that the attorney of record for the plaintiff in the suit had no interest therein, and he is not a party of record, and it was therefore competent for the sheriff to appoint him as a special deputy to execute the process. We admit that the court, upon proof of slight circumstances of improper conduct on the part of the deputy in such case, might vacate the levy, but in this case there is no evidence of such conduct, and the sheriff adopts the act of the deputy, and thereby makes it his own ; and if any injury has accrued to the defendant from the act of the sheriff, he is responsible for the damage.

We refer the court to the authority of the cases cited in

the assignment of errors ; and we insist on each assignment of error as ground for a reversal ; and if he can be a witness at common law for his client, he is certainly competent to serve process under an appointment by the sheriff. *Quarles v. Waldron ;* also, see 8 Bacon Abr. 677 to 680.

FELLOWS & JOHN, *contra.*—The judgment of the court below is not a final judgment, from which an appeal will lie. The *levy* alone was set aside, the judgment of the court, by its terms, operates *alone on the levy.* The quashing of the levy does not operate as the disposition of the attachment. The attachment may be *re-levied ;* it has not been dismissed or quashed. For these reasons the appeal should be dismissed.

*Per Curiam.*—Overruling a motion made by the plaintiff, to permit the sheriff to amend his return, levying an attachment, or granting a motion by the defendant, to set aside and vacate the levy of the sheriff, in such a case, is not, either of them, such a final judgment as will support an appeal to this court.

Setting aside and vacating the levy of an original attachment, is not equivalent to quashing the attachment itself. Quashing an attachment puts an end to the suit; setting aside and vacating the levy of an attachment, does not.

In the latter case, there may be an appearance by the defendant ; in which case, the plaintiff can go on to final judgment, although the levy on the property of the defendant may be set aside and vacated. Besides, we think, in a case where the levy is set aside and vacated, and there is no appearance to the action by the defendant, a liberal construction of § 2988 of the Revised Code, will authorize the court, on motion of the plaintiff, to order an *alias* attachment to issue in such case. By § 2990, it is provided, that the attachment law must be liberally construed to advance the manifest intent of the law.

But, however this may be, we can not hold that the order of the court, on either of the motions named, is a final judgment, which will permit an appeal. If the judgment of the court on these motions is wrong, it may be reviewed on an appeal, after there is a final judgment in the case.

Let the appeal be dismissed at the costs of the appellant, and the case be remanded to the court below for further proceedings.