## Thornton *v.* Strauss & Steinhardt.

*Action for Money Had and Received.*

1. *When action lies in favor of landlord.*—A landlord, having a statutory lien on his tenant's crop for the rent of the land, may maintain an action for money had and received, against a purchaser who, having notice of the lien, receives and sells the crop.

2. *Agreement to pay rent, in default of paying purchase-money.*—Where lands have been sold and conveyed, a mortgage being taken to secure the balance of the purchase-money unpaid, a subsequent agreement between the parties, reduced to writing, by which the purchasers bind themselves, in the event of their failure to pay the balance of the purchase-money as stipulated, to deliver three bales of cotton as rent, creates the relation of landlord and tenant between them, with its attendant rights and incidents.

3. *Assignment of mortgage and purchaser's note, after maturity of rent-obligation.*—An assignment by the vendor, after the maturity of the purchaser's obligation to pay rent, of the mortgage and secured note for the unpaid purchase-money, does not carry with it, as an incident, the right to the rent then past-due, nor take away the vendor's right of action as landlord; but, if it were shown that the purchase-money had been paid in full to the assignee, under a redemption or foreclosure of the mortgage, this would be a complete defense to a subsequent action by the vendor, founded on the rent-contract, or on his lien as landlord.

APPEAL from the Circuit Court of Butler.

Tried before the Hon. JOHN P. HUBBARD.

This action was brought by S. H. Thornton, against Strauss & Steinhardt as partners, and was commenced on the 19th March, 1884. The complaint contained but a single count, which claimed $150 as money had and received. The only plea was the general issue. On all the evidence adduced on the trial, which is set out in the bill of exceptions, and also substantially in the opinion of this court, the court charged the jury, that they must find for the defendants, if they believed the evidence. The plaintiff excepted to this charge, and he here assigns it as error.

GAMBLE & RICHARDSON, for the appellant.

[Thornton v. Strauss & Steinhardt.]

L. M. LANE, *contra.*

STONE, C. J.—S. H. Thornton, on the eighth day of January, 1880, sold and conveyed a tract of land to Allen and William Baugh, receiving four hundred dollars of the purchase-money in cash, and taking their interest-bearing notes for the balance—five hundred dollars, due first of October, 1880, and three hundred due first of October, 1881; and there was a provision that, in the event the note first to fall due was not paid in full at maturity, then the whole of the purchase-money should be due and demandable. Contemporaneously with the execution of the deed, the Baughs reconveyed the lands to Thornton by mortgage deed, with customary defeasance on payment of the purchase-money notes in full. The mortgage contains no stipulation as to possession of the lands in the mortgagors, but they went into possession, and occupied during the year 1880. The note due October 1, 1880, was not paid. On the 11th January, 1881, the Baughs executed an agreement in the following terms: " We, William and Allen Baugh, do hereby agree and bind ourselves to pay S. H. Thornton, or order, three bales of cotton, to weigh 500 lbs. each, on or before the first day of October next; the consideration being that, in case we fail to make the payment on the tract of land bought of him, then these three bales are to be paid and delivered as rent." This agreement was written and attested by Steinhardt, one of the appellees.

The Baughs executed a mortgage of their crop to be grown in 1881, to Strauss & Steinhardt; but whether this was before or after the execution of the rent contract copied above, the record does not inform us. They made more than three bales of cotton that year, which were delivered to Strauss & Steinhardt, sold by them, and the money retained. They, Strauss & Steinhardt, had knowledge that the said rent contract had been entered into, and that neither the rent nor the purchase-money of the lands had been paid. The present action for money had and received was brought by Thornton, to recover the proceeds of three of the bales of cotton, on which he alleges he had a paramount lien for the rent due him. If his alleged lien on the cotton be maintainable, he has chosen the correct remedy. *Thompson v. Merriman,* 15 Ala. 166; *Westmoreland v. Foster,* 60 Ala. 448.

The instrument copied above is valid as a rent contract; and if the Baughs failed to pay the purchase-money, as the record recites they did, it creates a *prima facie* right in Thornton to demand rent.—*Collins v. Wigham,* 58 Ala. 438; *Wilkinson v. Roper,* 74 Ala. 140. The recitals in the bill of exceptions, stated as facts, show clearly that, at the time the rent contract

was executed, Thornton had the right to demand and recover the possession of the mortgaged premises. The legal title was in him, while the Baughs owned but an equity, which was valuable to them only as a basis of a right to redeem.— *Welsh v. Phillips*, 54 Ala. 314; *Toomer v. Randolph*, 60 Ala. 356; *Slaughter v. Swift*, 67 Ala. 494; *Farris v. Houston*, 74 Ala. 162; *Garland v. Watson, Ib.* 323; *Coffey v. Hunt*, 75 Ala. 236; *Kelly v. Longshore*, 78 Ala. 203. By executing the rent obligation, the Baughs acknowledged Thornton's right to the possession, and they thereby became his tenants, with all the rights of landlord and tenant subsisting between them. This has the same legal effect, as if Thornton had first evicted them, and then leased the premises to them; and his right to lease to them was as clear, as if they had never contracted to purchase. This is the rule at law, and we are dealing only with legal rights. We have thus shown that, on the facts so far considered, the present case presents the simple right of a landlord to recover for rents promised by the tenant.

On the 21st October, 1881, Thornton, the mortgagee, conveyed his interest in the notes and mortgage given by the Baughs, by an indorsement on the mortgage, in the following language: "For value received, I hereby transfer all my title, interest, claim and demand, to the within notes and mortgage, to James A. Harris, his heirs and assigns, with all its rights, privileges and immunities. Witness my hand and seal, this 21st day of October, 1881;" signed, "S. H. THORNTON, mortgagee." This was after the rent contract became due, but long before this suit was brought. So far as the indorsement may be considered as an attempt or agreement to convey the title to the land, it is very clear that it did not carry with it, as an incident, any right to the rent then past due.—*English v. Key*, 39 Ala. 113; *Tubb v. Fort*, 58 Ala. 277; *Coffey v. Hunt*, 75 Ala. 236. It is contended, however, that inasmuch as rents paid under this contract would become part payment of the purchase-money, in any attempt to foreclose the mortgage, or to redeem under it, Thornton should not be permitted to collect it, after having assigned and transferred all his interest in the purchase-money notes, and the mortgage given to secure their payment. The argument is, that to allow such collection, would be to leave the Baughs and the mortgaged land liable to Harris for the whole of the purchase-money, notwithstanding this payment of the value of three bales of cotton.

Three or four years have elapsed since the notes and mortgage were assigned to Harris, and the record furnishes no information whether the purchase-money debts have been paid, the mortgage foreclosed, resulting in full collection, or that a redemption of the mortgaged property on full payment has

been perfected. If either of these possible categories exists, then neither the Baughs, nor any one having their property, ought to be required to pay the rent. To allow such collection, would be to force double payment. Such supposed fact shown, would be a complete defense to this suit.

But, suppose neither of these categories is true. There is no question that the Baughs owe the three bales of cotton as rent, and that that debt, according to the recitals in the bill of exceptions, has a lien on the crop grown on the lands in 1881, paramount to the claim of Strauss & Steinhardt. The latter have tortiously converted to their own use cotton known to rest under a paramount lien; and their defense is, not that they are not liable to some one, but that there is an outstanding right in a third person. Thornton had and has evidence of right and ownership, which establishes in him a *prima facie* right of recovery; Strauss & Steinhardt had knowledge of his paramount right, and tortiously converted the property to their own use; and when Thornton sues to recover the proceeds, they attempt to defend on the outstanding title of a third person, with which they do not connect themselves. This the law will not permit.

The Circuit Court erred in its charge to the jury.

Reversed and remanded.