# Drum & Ezekiel *v.* Harrison.

*Action for Damages by Landlord, against Purchaser of Tenant's Crop with Notice of Statutory Lien.*

1. *Contract of sale or lease.*—On a contract for the sale of lands, the parties may, by express stipulation, agree that, on default being made in the payment of the purchase-money, the contract shall be treated as a lease, the option being reserved to the purchaser in the first instance, and passing to the vendor on his failure to elect; and when an election is made to treat it as a lease, it relates back to the time when the contract was made, and creates the relation of landlord and tenant from that day, with all its incidents.

2. *Same; election by purchaser, and tender.*—The purchaser's written obligation being for the delivery of four bales of cotton, as the first installment of purchase-money, or the same number of bales as rent, on or before a specified day, his election may be declared at the time the cotton is delivered; and if then declared, the tender being sufficient, the vendor's refusal to accept the cotton does not defeat the election, nor require the purchaser to hold the cotton in readiness for a future acceptance.

3. *Same; tender of mortgaged cotton.*—The purchaser, electing to treat the contract as a sale, must tender cotton which is unincumbered by liens or adverse claims; yet, if he tenders cotton which is under mortgage to another person, who consents that it shall be so tendered, and the vendor has knowledge of such consent, the mortgage is no valid objection to the tender.

APPEAL from the Circuit Court of Butler.

Tried before the Hon. JOHN P. HUBBARD.

This action was brought by W. G. Harrison, as executor of the last will and testament of Williamson Harrison, deceased, against Drum & Ezekiel as partners, to recover damages for defendants' tortious conversion, as alleged, of four bales of cotton, which they bought from one W. G. Gafford, and on which plaintiff claimed a statutory lien as the landlord of said Gafford. The court charged the jury to find for the plaintiff, if they believed the evidence; and this charge, to which the defendants excepted, is now assigned as error.

R. E. STEINER, for the appellants.

J. C. RICHARDSON, *contra.*

CLOPTON, J.—It has been repeatedly held, that in contracts for the purchase and sale of lands, the parties may

[Drum & Ezekiel v. Harrison.]

contract with the right to treat it as a purchase and sale, or as a lease; and if the election is made to treat it as a tenancy, it relates to the time of making the contract, and the relation of landlord and tenant will be regarded as having commenced at that time, with all its rights and incidents, including the lien which the statute creates for the payment of rent. The construction of such contracts is, that the purchaser, having to perform the first act, has the option, in the first instance, to elect whether he will become a purchaser or a tenant; and failing to make an election, then the vendor has an option to treat the transaction as a sale or a lease. *Collins v. Whigham,* 59 Ala. 438; *Thornton v. Strauss & Steinhardt,* 79 Ala. 164.

The action is brought by appellee as the personal representative of Williamson Harrison, to recover damages of appellants for the alleged tortious conversion of the crop grown on the rented premises, whereby he was deprived ot his remedy to enforce his lien as landlord. The fact being undisputed, that the defendants purchased the cotton with notice of the claim of plaintiff, his right to recover depends on establishing the relation of landlord and tenant. In November, 1886, Harrison, the testator, sold to W. G. Gafford certain lands for fourteen bales of cotton, payable in three installments, two of four bales each, and one of six, for which he gave three several obligations, and Harrison executed a bond for titles. The first obligation, which is the only one disclosed by the record, is for the payment of four bales of cotton on or before October 1st, 1887, "being for the purchase-money of lands," describing them; and by which Gafford agrees to pay four bales of cotton as rent, in case he fails to pay the first installment of the consideration of the purchase. The bond for titles and the obligations together constitute the contract, and must be considered as if incorporated in a single instrument. Under the contract, Gafford had the right to elect to become a purchaser or a tenant; the election to be manifested by the delivery of the stipulated quantity of cotton, on or before the first installment fell due, and by the expressed purpose of its delivery, whether as the consideration for the purchase, or as payment for rent, the same number of bales having to be delivered in either event. The parties, being competent, had the right to make their own contract, and it will be enforced as made, in the absence of fraud, or imposition, or mistake. Its terms are plain and unambiguous. Resort to extrinsic circumstances is unneces-

sary for its interpretation. The stipulation to deliver the same number of bales, whether the option be exercised to become a purchaser or a tenant, does not operate to show an intention and meaning other than as shown by the express words.

Whether Gafford elected to become a purchaser is the point of contestation, and on the evidence raises a mixed question of law and fact. On October 1st, 1887, Gafford tendered to plaintiff four bales of cotton, in payment of the first installment of the consideration of the purchase, and expressed his purpose to have it so appropriated. The plaintiff having refused to accept the cotton, the defendants purchased it from Gafford a few days thereafter. The first question which arises is, whether, conceding that the tender was sufficient when made, Gafford abandoned the election by not keeping the cotton in readiness to deliver on demand of plaintiff. By section 2998 of the Code of 1876, it is provided, that " if the tender be of ponderous articles, or other personal property, the plea must aver a readiness to deliver them to plaintiff; and judgment for defendant, upon the plea, vests the title to the thing tendered in the plaintiff." The purpose of the statute is, to declare what must be set forth in a plea of tender, when pleaded in defense of an action on the demand in payment of which the property was tendered. The present action is not brought to enforce payment of the consideration price of the lands, but to enforce the asserted right of plaintiff to elect to treat Gafford as tenant, which could only arise on his failure to make an election. In order to a perfected election, it was incumbent on Gafford to deliver the stipulated quantity of cotton, of the stipulated quality, at the time and place agreed upon. A tender of the cotton, if such as it was the duty of the plaintiff to accept, was all that was required to consummate the election to become a purchaser, and to establish the relation of vendor and vendee, which the plaintiff could not avoid nor defeat by a refusal to accept; and the failure to keep the cotton in readiness to deliver does not operate to give plaintiff the option to change the relation to that of landlord and tenant. The only effect of such failure is to continue the obligations for the consideration of the purchase-money subsisting and in force. It does not retroact, so as to render inoperative an election completed.

But the reason assigned by plaintiff for his refusal to accept the cotton was, that it was mortgaged to the defendants.

VOL. LXXXIII.

[Tompkins v. Henderson & Co.]

If this be true, and it was not released from the mortgage, and such release known to plaintiff, the tender was not equivalent to performance, and inoperative to constitute an election. It was the duty of Gafford to deliver cotton, the title to which, if accepted, would vest in plaintiff, unincumbered by liens or adverse claims. It is undisputed that Gafford, in January, 1887, mortgaged his crop of cotton, of which that tendered was a part, to the defendants. But the defendants claim that they gave Gafford permission to pay plaintiff four bales of cotton as payment on the lands, and that they communicated this to plaintiff before tender was made. If the defendant let Gafford have the cotton for the purpose of paying it to the plaintiff on the consideration of the purchase, and he so used it, they would be estopped thereafter to assert their lien as against the title of the plaintiff; and if such fact was communicated to plaintiff, the mortgage itself afforded no excuse for the refusal to receive the cotton. As to this question, which was the only controverted fact in the case, and on the determination of which the rights of the parties depended, the evidence is in conflict. Whether sufficient or insufficient to establish the contention in favor of either party, was not for the determination of the court. There being a conflict in the evidence, the question should have been submitted to the jury. The court erred in giving the affirmative charge in favor of the plaintiff.

Reversed and remanded.