# King *v.* Henderson & Bruce.

## *Action on the Case.*

1. *Action on the case; when necessary to prove price at which property is sold.*—In an action on the case by a landlord to recover damages for the defendant preventing the enforcement of his lien by removing property subject thereto, where the plaintiff does not show at what price he sold said property, or that any part of the purchase money remains unpaid, but introduces evidence tending to show only the value of the property, plaintiff is not entitled to recover; the evidence so introduced having no tendency to prove plaintiff's loss.

APPEAL from the Circuit Court of Marengo.

Tried before the Hon. JOHN C. ANDERSON.

This was an action on the case brought by the appellees, Henderson & Bruce, against the appellant, John J. King, to recover damages for the defendant's taking possession of a mule from the tenant of the plaintiffs, and thereby preventing the plaintiffs from enforcing their lien on said mule, and collecting their debt. The complaint as originally filed contained a single count in trover; and a count stating an action of trespass on the case was filed by amendment. The court gave the general affirmative charge in favor of the defendant as to the count seeking to recover in trover.

It was shown by the evidence that the plaintiffs were the landlords of one Mose Parker for the year 1901, and during that time they advanced to said Parker the mule involved in this controversy for the purpose of enabling him to make a crop. The other facts of the case are sufficiently stated in the opinion.

The defendant requested the court to give the following written charges, and separately excepted to the court's refusal to give each of them as asked: (1.) "If the jury believe from the evidence that plaintiffs took a mortgage on said mule, they must find for the defendant on

second count." (2.) The plaintiffs must show at what price they sold the mule to Mose Parker before they can recover in this case."

There were verdict and judgment for the plaintiffs. The defendant appeals and assigns as error the refusal of the court to give the charges requested by him.

WM. CUNNINGHAME, for appellant.—The court erred in refusing the general charge for the defendant upon the second count of the complaint.—Code of 1896, § § 2703, 2706; *McCarty v. Roswald & Co.,* 105 Ala. 511; *Ehrman v. Oats,* 101 Ala. 604; *Karter v. Fields,* 130 Ala. 430; *Davis & Son v. Hurt,* 114 Ala. 146; *Gerson & Son v. Norman,* 111 Ala. 433. The court erred in refusing the following charge: "The plaintiffs must show at what price they sold the mule to Mose Parker before they can recover in this case."—*Karter v. Fields,* 130 Ala. 430; *Waite v. Corbin,* 109 Ala. 154; *Clanton v. Eaton,* 92 Ala. 612; Code of 1896, § 2703.

CANTERBURY & GILDER, *contra.*—Cited *Kelly v. Eyster,* 102 Ala. 325; *Atkinson v. James,* 96 Ala. 214; *Manasses v. Dent,* 89 Ala. 565; *Lomax v. LeGrand,* 60 Ala. 537; *McCarty v. Roswald & Co.,* 105 Ala. 511; *Boutwell v. Parker,* 124 Ala. 341.

McCLELLAN, C. J.—The theory for plaintiffs is that they sold the mule in question to a tenant of theirs to enable him to make a crop on the rented lands, that the sale was on a credit, that to secure the payment of the purchase money they as landlords had a lien on the mule under section 2703 of the Code of 1896; that the defendant has prevented their enforcement of this lien by wrongfully intermeddling with and taking away the property, and that therefore their debt has been lost and they are to that extent damaged. But they do not show in this case what amount they sold the mule for, nor even that any part of the purchase money remains unpaid. Proof of the *value* of the mule is not proof of the price at which they sold it, nor that any part of the purchase price remains unpaid; but proof of value is all that

is attempted to be made in the case that could have any possible reference to their loss; and this by itself has no tendency to prove their loss. They failed in short to prove that the act complained of has injured them at all; and the affirmative charge requested by the defendant should have been given.—*Karter v. Fields*, 130 Ala. 430.

Whether the same conclusion would result from other considerations we deem it unnecessary to decide.

Reversed and remanded.

HARALSON, DOWDELL and DENSON, J.J., concurring.