(75 South. 899)
## KINSTON SUPPLY CO. v. KELLY.
### (4 Div. 702.)

(Supreme Court of Alabama.   May 17, 1917.)

1. LANDLORD AND TENANT ☞262(4)—ACTION ON LANDLORD'S LIEN—PROOF.

In action for damages resulting from destruction of a landlord's lien on cotton grown on rented premises, plaintiff must prove that at time of institution of suit an unpaid amount was due him as landlord.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. § 1054.]

2. JUDGMENT ☞748 — CONCLUSIVENESS — ATTACHMENT—LANDLORD AND TENANT.

A judgment for plaintiff in an attachment suit in which defendants contested as claimants did not bar an action by plaintiff against such claimants for destruction of plaintiff's landlord's lien on the same property, since the defendants were parties only in a circumscribed way in the attachment suit.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1063, 1065, 1297–1301.]

Appeal from Circuit Court, Coffee County; A. B. Foster, Judge.

Action by J. R. Kelly against the Kinston Supply Company.   Judgment for plaintiff, and defendant appeals.   Transferred from Court of Appeals under section 6, Acts 1911, p. 449.   Reversed and remanded.

Baldwin & Murphy, of Andalusia, for appellant.   W. W. Sanders, of Elba, for appellee.

McCLELLAN, J.   The plaintiff (appellee) brought this action in case against the defendants (appellants) for damages resulting from their destruction of plaintiff's landlord's lien on cotton grown on rented premises.   The question argued for appellants is that the court was in error in refusing the general affirmative charge requested by the defendants.   It seems to be accepted that the defendants were not innocent purchasers for value and without notice; they not having parted at the time with value for the cotton.   The court instructed the jury to that effect; and no complaint is made of the action of the court in that regard.

[1] The contention that the court erred in refusing the general affirmative charge requested for the defendants is based on three grounds.   The first is that the plaintiff failed to discharge the burden resting on him to show, prima facie at least, that at the time the suit was instituted there was an unpaid amount due him as landlord.   It has been held here that proof of the stated fact is essential to make out a prima facie case for a plaintiff in such an action as this.   King v. Henderson, 142 Ala. 460, 38 South. 118.   In Waite v. Corbin, 109 Ala. 154, 156, 19 South. 505, a decision that does not appear from the report of the appeal to have been invited by the questions raised on the appeal, it seems to have been assumed that the defense of payment of the debt for which the lien was claimed was necessary to be pleaded by the party charged with the destruction of the plaintiff's lien.   However, in Karter v. Fields, 130 Ala. 430, 435, 30 South. 504, considerations were stated and conclusions announced that effected to limit the indicated declarations of Waite v. Corbin, supra, to the measure of the recovery only, thereby extracting from the elder declaration in Waite v. Corbin its effect to hold that in such actions as this the plaintiff's right of action was shown prima facie by evidence that did not include proof that the basis of the lien, viz. a partially or wholly unsatisfied indebtedness, existed at the time the defendant wrought the destruction of the plaintiff's lien.   We have been unable to discover any evidence in the bill tending even to support this feature of the plaintiff's case.   Probably the failure of the proof in this respect was due to oversight.   The complaint alleges that the indebtedness, the basis of the lien described, has never been paid.   It was necessary to support this averment in the evidence.

The second ground for the stated insistence is that the evidence did not show that the cotton on which a lien in plaintiff's favor rested was a part of the cotton received and disposed of by the defendant.   There was, in our opinion, such evidence before the jury.

[2] The third ground is based on a judgment obtained by this plaintiff in the attachment suit brought by this plaintiff against Norris, in which proceeding the defendants appeared and contested, as claimants, for the cotton levied on in that proceeding.   We do not see how that proceeding and judgment to which the defendants were parties in so circumscribed a way could or did bind this plaintiff in any degree, unless the plaintiff through that proceeding or in consequence of it was actually paid in full the indebtedness on which the lien he asserts in this action is rested.

The general affirmative charge was erroneously refused on the ground stated.

The judgment is reversed, and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.