(75 South. 714)

AVANT et al. v. ADAMS et al.   (5 Div. 208.)

(Court of Appeals of Alabama.   May 29, 1917.)

1. APPEAL AND ERROR ⬤⟞171(1)—ESTOPPEL TO DENY SPECIAL APPEARANCE.

Where defendant's appearance in a suit by attachment was special and limited, the Court of Appeals will not permit defendant to say on appeal that it was not special and limited.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 1053.]

2. APPEAL AND ERROR ⬤⟞71(2) — JUDGMENT SUPPORTING APPEAL — QUASHING ATTACHMENT.

Where the appearance of defendant in suit by attachment was special and limited, the quashing of the attachment puts an end to the suit, and the judgment rendered thereon will support an appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 389–392.]

3. MORTGAGES ⬤⟞137 — VESTING INDEFEASIBLE TITLE IN MORTGAGEE.

Where land was sold, the vendors taking a mortgage back as security for the purchase money no indefeasible title vested in the vendor without a foreclosure, reconveyance, or a release of the equity.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 270–276.]

4. LANDLORD AND TENANT ⬤⟞9—CONDITIONAL SALE—ELECTION TO BECOME TENANT.

Where land was sold, and the vendee executed a mortgage back to the vendor as security for the purchase money, and the parties agreed that, if the vendee did not pay the purchase-money note each year, he must pay $300 as rent, which on final settlement would be applied on the purchase money, the transaction was not a conditional sale, but, on the vendee's failure to make payments when due, he had an election to pay rent, creating the relation of landlord and tenant with all the rights thereof, and in the event of failure of the vendee to make the first payment, the contract was not to be canceled, but possession was to be redelivered constructively to the vendor, and the vendee was to remain as a tenant at the stipulated rental until the debt was paid, or the mortgage foreclosed, and his right to redeem terminated, and, should the vendee redeem, his payments as rent to the vendor would have to be accounted for, as where a mortgagee takes possession without foreclosure.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 23–29.]

Appeal from Circuit Court, Elmore County; W. W. Pearson, Judge.

Suit by J. L. Avant and others against S. B. Adams and others. From a judgment dissolving attachment and vacating levy, plaintiffs appeal. Reversed and remanded.

The plaintiffs in the court below brought suit by attachment, issued out of the circuit court of Elmore county against the defendant and others, claiming for rent due on a farm for the year 1914. The writ was levied on certain cotton, and the defendant, appearing specially for that purpose, filed a motion to dissolve the writ and vacate the levy. The cause was tried on that issue alone, and judgment was rendered by the court dissolving the attachment and vacating the levy. On the trial it was shown that on July 27, 1909, D. F. Avant and wife executed and delivered to S. B. Adams and E. H. Adams, his wife, a deed, with covenants of warranty conveying certain lands in Elmore county, being the same lands for which rent is claimed in this suit, and on the same day S. B. Adams and E. H. Adams executed and delivered to D. F. Avant a mortgage on the same lands to secure the payment of five promissory notes for $744 each, payable November 1st of each year following. This mortgage contained the usual covenants of warranty and power of sale in case of default, and, in addition, after the description of the property was the following:

"If the party of the first part fails to make payment when due, $300 is to be paid as rent, but when the last payment comes due, and he pays up this note, it will go a part payment."

It was also stipulated that, if default be made in any payment, the whole amount should become due and payable at once. It was shown that the plaintiffs are the owners of the mortgage or the owners of the land, as the case may be. It was further shown that when the first note for $744 came due the defendant failed to pay the note, but did pay the $300, and this $300 was entered as a credit on the mortgage. Nor did the defendant pay any of the subsequent notes, but each year until 1914 paid $300, some of which were credited on the mortgage and some not. J. G. Avant, who was acting as agent for plaintiffs, testified that he received these various payments as rent, and that the understanding was that defendant was to get credit at the end of five years; that Adams had paid rent for four years, but did not

pay anything for 1914; that he had no conversation with defendant with reference to his paying rent. The defendant testified that Avant told him, if he could not pay the full amount, to pay $300, which he did. Defendant, being shown the mortgage and the clause regarding rent, admitted that he signed it. Defendant further stated on cross-examination that he had agreed with Thos. Avant to pay $300 rent if he would rent it another year. This evidently was with reference to 1914 and conditioned upon a rental for 1915. Thos. Avant, who was looking after the matter, stated that he did not talk especially about the place until October, 1914.

Frank W. Lull, of Wetumpka, for appellants. J. M. Holley and Smoot & Mullins, all of Wetumpka, for appellees.

SAMFORD, J. [1, 2] The appearance of the defendant was special and limited; such was his intention, and this court will not permit him to say now that it was not such. Where this is the case, the quashing of the attachment puts an end to the suit, and the judgment rendered thereon will support an appeal. Woodruff v. Rose, 43 Ala. 382, and authorities cited in Plunkett v. Dendy, 72 South. 525.[1] The only other question is the action of the court in dissolving the attachment. It is very clear that the owners or their agent proceeded with the collection of the moneys each year upon their construction of the contract, which was that, if the defendant did not pay the purchase-money note each year, he must pay $300 as rent, which upon final settlement would be applied on the purchase money; and it is evident the defendant so considered it until he made default. As was said in the case of Wilkinson v. Roper, 74 Ala. 144:

"Viewed in the light of these writings, it would be very difficult to work a conditional sale out of this transaction."

In this case the title was passed absolutely to the defendant and his wife. It was on the same day mortgaged back as a security for a debt which presumably was the purchase money.

[3] To have vested the indefeasible title in Avant, there must have been a foreclosure, a reconveyance, or a release of the equity.

[4] When construed together without more, this transaction was not a conditional sale. Wilkinson v. Roper, supra. The legal title to the property was in Avant, and the parties by agreement could have provided that the relation of landlord and tenant existed, thereby putting Avant in the position of a mortgagee in possession, in which case he would have to account for the rents received. But what is the real status and what the proper construction to be placed upon the contract? Adams had an election, if he failed to make payments when due, to pay $300 as rent, creating the relation of landlord and tenant; and the defendant then became the tenant with all the rights of landlord and tenant subsisting between them (Thornton v. Strauss, 79 Ala. 164) reserving only, as mortgagor, the right to redeem. It is quite clear from the writings between the parties that in the event of a failure on the part of the purchaser to make the first payment the contract was not to be canceled, but the possession was to be redelivered constructively to the seller, and the purchaser was to remain as a tenant at the stipulated rental until the debt was paid (in which event the purchaser was to have the benefit of the rent payments) or the mortgage foreclosed and his right to redeem terminated. The above views are sustained by the following authorities: Thornton v. Strauss, supra; 24 Cyc. 886. Of course, should the defendants redeem the land, these payments would have to be accounted for, as in cases where the mortgagee takes possession of the mortgaged premises without foreclosure. This must not be confused with the line of cases defining rent and sale contracts. Patterson v. Folmar, 125 Ala. 130, 28 South. 450, and others declaring similar principles. In the Patterson Case the title never passed from the vendor to the vendee; and in case of failure to pay promptly, "time being of the essence of the contract," the contract to sell was canceled, and the contract of rent became in force and related to the beginning. It was a conditional sale of land; but in this case the title has passed without condition, and the relation of mortgagor and mortgagee arises.

The above being the law, and the affidavit claiming for rent due or to become due, and assigning as ground for the attachment the removal of part of the crop, the question as to whether the rent was due on November 2d, is not material. The relation of landlord and tenant existed between the parties from the date of the first default, and could only have been changed by a subsequent agreement or a payment of all of the purchase-money notes.

The court erred in granting the motion to dissolve the attachment and to discharge the levy; and for this error the judgment is reversed, and the cause is remanded. The motion to dismiss the appeal is overruled.

Reversed and remanded.