(86 South. 533)

KINSTON SUPPLY CO. v. KELLY.
(4 Div. 872.)

(Supreme Court of Alabama. Oct. 28, 1920.)

1. **Payment** ⊚⟲7—**To be made presently in absence of stipulation.**

Where a writing embodies an obligation to pay money, without more, and no time is stipulated for payment, it is payable presently.

2. **Vendor and purchaser** ⊚⟲75—**Payment not presumed to be made presently where writing itself contradicts idea.**

The rule that where a writing embodies an obligation to pay money without more, and no time is stipulated for payment, it is payable presently, cannot be applied in an action for damages for destruction of a landlord's lien on failure of purchaser to perform a contract of purchase providing for payment of rent in such case, where it affirmatively appears in the contract that credit in the payment of the purchase price for the land was to be extended, and that it was to be paid in installments in amounts not stated and at times not stated.

3. **Vendor and purchaser** ⊚⟲75 — **Rule as to presumption of intention to perform in reasonable time held inapplicable to contract.**

The rule that, when a contract does not specify a particular time, or appoint the happening of a particular event for performance, the presumption is that the parties intended performance within a reasonable time, is applicable where uncertainty as to the element of time only is involved, but is not applicable in an action for damages for destruction of landlord's lien under a contract of sale of land providing for payment of rent on failure of buyer to perform, where not only the element of time of payment, but the number and amount of installments contemplated by the parties, are also involved.

4. **Landlord and tenant** ⊚⟲262(4) — **Plaintiff must show default in payment to recover damages for destruction of lien for rent.**

In an action of trespass on the case to recover damages for the destruction of an alleged lien for rent existing in favor of plaintiff as landlord of a third person on certain cotton grown on land theretofore owned by the plaintiff and sold to the alleged tenant, as evidenced by a contract of sale providing for

⊚⟲For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

payment of rent on failure of buyer to perform, it was essential to the plaintiff's right of recovery that he show that buyer made default in the payment of purchase money, as was agreed to be done by the terms of the contract of bargain and sale.

**5. Landlord and tenant ⟨Key⟩182—Stipulation for payment of rent in contract of sale of land held void for uncertainty.**

Stipulations in a contract of sale of land, providing for the payment of a certain rental in case of default, was void for uncertainty, where in one place it stipulated for the payment of $80 per month as rent and in another place $80 per annum.

Appeal from Circuit Court, Coffee County; H. A. Pearce, Judge.

Action by J. R. Kelly, revived in the name of his executors, against the Kinston Supply Company, for damages for destroying a lien. Judgment for the plaintiff, and the defendant appeals. Transferred from Court of Appeals under Acts 1911, p. 449, § 6. Reversed and remanded.

The contract between Lawrence and Kelly, directed to be set out, is as follows:

"The State of Alabama, Geneva County.

"This agreement, made and entered into this 23d day of January, 1913, by and between J. R. Kelly, the party of the first part, and B. L. Lawrence, the party of the second part:

"Witnesseth: That the party of the first part hereby agree to bargain and sell to the party of the second part, at and for the sum of one thousand dollars, to be paid as hereinafter stated, a certain lot or parcel of land in the city of Geneva in the county and state aforesaid, described as follows: S. ½ of N. E. ¼ of section 16, range, township.

"The party of the second part agree and promise to pay to the party of the first part the said sum of one thousand dollars.

"It is agreed that the party of the first shall pay the taxes for the year 19—, and that the party of the second part shall pay all subsequent taxes; or, if paid by the party of the first part, the same shall be considered as advanced to the party of the second part, to be repaid with interest thereon.

"The party of the first part agree and bind his heirs, executors and administrators, upon payment of said purchase money, and amounts advanced for taxes, with interest thereon, to execute to the party of the second part, his heirs and assigns, good warranty titles free from incumbrances, to said lot or parcel of land.

"It is agreed that the party of the second part shall have the privilege of paying all or any of said deferred payments before maturity, and in the event of such payment or payments, interest on such deferred payments shall be calculated only to the time of payment.

"The party of the second part agree that, in case of failure to pay any of said installments when due, the party of the first part shall have the right to annul this agreement, and take possession of the premises, and to retain out of moneys paid under this agreement by the party of the second part eighty dollars per month, as rent of the premises (said amount being hereby agreed and declared by said parties to be the monthly rental value of the premises), returning the surplus, if any, to the party of the second part.

"And for the further purpose of securing the payment of said indebtedness, the party of the second part do hereby agree to keep said property insured for the party of the first part in the sum of $———. The party of the second part agrees to clear up fence and cultivate (15) fifteen acres of the within described land the first year. If the party of the second part fails to fence, clear up and cultivate (15) fifteen acres of said described land, the party of the first part has the right to annul this agreement.

"It is also agreed that if the party of the second part clears fence and cultivates said land and pays $80.00 rent for the year 1914 the party of the first part agrees to extend said papers for another year by party of the second part paying the same annual rent of $80.00.

"In testimony whereof, said parties of the first and second parts have hereunto set their hands and seals, in duplicate, this 23d day of January, 1913.

"J. R. Kelly.    (L. S.)
"B. L. Lawrence.    (L. S.)

"Signed, sealed and delivered in presence of A. J. Kelly, J. J. Pickerson."

E. O. Baldwin, of Andalusia, for appellant.

The bond for title did not create the relation of landlord and tenant, nor did default therein entitle the vendor to elect a decision and treat the vendee as a tenant. 173 Ala. 511, 55 South. 1000; 52 Ala. 254; 88 Ala. 517, 7 South. 146, 16 Am. St. Rep. 58; 24 Cyc. 886. The inquiry was not what was litigated, but what might or ought to have been litigated. 63 Ala. 456; 71 Ala. 179; 119 Ala. 152, 24 South. 514; 198 Ala. 664, 73 South. 966.

W. W. Sanders, of Elba, for appellee.

The court must determine or construe the legal effect of writings, and should never refer them to the jury. 7 Ala. App. 203, 60 South. 943; 44 Ala. 468, 4 Am. Rep. 140; 62 Ala. 233; 98 Ala. 181, 12 South. 454, 39 Am. St. Rep. 45. Under the contracts in question the relation of landlord and tenant arose upon default of the vendee. 83 Ala. 388, 3 South. 769; 79 Ala. 164; 16 Ala. App. 122, 75 South. 714. This was not a case for the affirmative charge. 16 Ala. App. 332, 77 South. 926; 201 Ala. 336, 77 South. 998; 16 Ala. App. 609, 80 South. 683.

For former report of this case, see 75 South. 899.

BROWN, J. This is the second appeal in this case. Kinston Supply Co. v. Kelly, 200 Ala. 151, 75 South. 899.

This is an action of trespass on the case by

the appellee against the appellant to recover damages for the destruction of a lien for rent alleged to have existed in favor of the plaintiff as landlord of one Lawrence on certain cotton grown on land theretofore owned by the plaintiff and sold to Lawrence, as evidenced by a writing of date January 23, 1913, which will appear in the statement of facts in the report of the case.

It is manifest from the averments of the complaint that the plaintiff relies upon dependent covenants or stipulations in this writing to establish the relation of landlord and tenant between Lawrence and himself, as a result of a default in the payment of the purchase money for the land; for it is averred, among other things, that by the terms of the contract of bargain and sale it is stipulated that if the said Lawrence should fail in the payment of the purchase price agreed upon for said lands, he (Lawrence) would pay to the plaintiff the sum of $80 rent. Plaintiff avers that the said Lawrence failed to pay the purchase money as agreed to be done by the terms of said contract of bargain and sale, and that thereupon the contract of bargain and sale became annulled, and the said Lawrence became legally liable to the plaintiff for the payment of $80 as rent.

By objections interposed to the writing when it was offered in evidence, and by requesting the affirmative charge in writing, the appellant asserted that the plaintiff failed by his proof to establish the relation of landlord and tenant, and hence failed to establish the fact that it had a lien on the cotton in question.

It will be noted that no time is fixed in the contract for the payment of the purchase money; the stipulations relating thereto being:

"That the party of the first part hereby agrees to bargain and sell to the party of the second part at and for the sum of $1,000.00, to be paid as hereinafter stated" certain lands, and "the party of the second part agrees and promises to pay to the party of the first part, the said sum of $1,000.00"; and, further, "it is agreed that the party of the second part shall have the privilege of paying all or any of said deferred payments before maturity, and in the event of such payment or payments, interest on said payments shall be calculated only to the date of payment. * * * The party of the second part agrees that in case of a failure to pay any of said installments when due, the party of the first part shall have the right to annul this agreement, and take possession of the premises, and retain out of the money paid under the agreement by the party of the second part $80.00 per month as rent of the premises [said amount being hereby agreed and declared by said parties to be the monthly rental value of the premises] returning the surplus, if any, to the party of the second part."

[1] It is a familiar rule that where a writing embodies an obligation to pay money, without more, and no time is stipulated for payment, it is payable presently. Peck, Adm'r, v. Ashurst, 108 Ala. 429, 19 South. 781; Angel v. Simpson, 85 Ala. 53, 3 South. 758; Hawkins v. Studdard, 132 Ga. 265, 63 S. E. 852, 131 Am. St. Rep. 190.

[2] But this rule cannot be applied here, for the reason that the writing itself contradicts this idea, in that it affirmatively appears that credit in the payment of the purchase price for the land was to be extended, and that it was to be paid in installments, in amounts not stated, and at times not stated. Therefore we have a writing from which the material part of the contract between the parties is manifestly omitted, and, in the absence of which, the intention of the parties cannot be ascertained; and, while this agreement may be subject to reformation and enforcement in a court of equity, courts of law will not undertake to give it effect, "lest, instead of enforcing a contract the parties have made, they should make for them a contract into which they did not enter." Robinson v. Bullock, 58 Ala. 618.

We are not aided by the rule of law:

"That when a contract does not specify a particular time, or appoint the happening of a particular event for performance, the presumption is that the parties intended performance within a reasonable time." Cotton v. Cotton, 75 Ala. 345.

[3] The above-stated rule is applicable where uncertainty as to the element of time only is involved. Here, not only is the element of time of payment, but the number and amount of installments contemplated by the parties also involved, and to undertake to determine and state all of these elements from the writing itself—and we can look to nothing else—would be at most mere speculation. Cotton v. Cotton, supra.

[4] It was essential to the plaintiff's right of recovery that he show that Lawrence made default in the payment of the purchase money, "as agreed to be done by the terms of said contract of bargain and sale." Collins v. Whigham, 58 Ala. 438; Wilkinson v. Roper, 74 Ala. 140; Drum & Ezekiel v. Harrison, 83 Ala. 388, 3 South. 769; Thornton v. Strauss, 79 Ala. 164. This, as we have shown, was impossible for him to do.

[5] There is another ambiguity patent on the face of the writing, which renders it void for uncertainty. That is, in one place it stipulates for the payment of $80 per month as rent in case of default (if it stipulates for the payment of rent at all), and in another $80 per annum. As held on the former appeal, one element of the burden of proof resting on the plaintiff was to show what, if any, amount was due him for rent. Kinston Supply Co. v. Kelly, supra. In view of these inconsistent and equally positive statements as to the amount of rent to be paid, it is impossible to say which was to govern. Mc-

Gowin Lbr. Co. v. R. J. & N. R. Camp Lbr. Co., 192 Ala. 35, 68 South. 263; Chambers v. Ringstaff, 69 Ala. 140.

For these reasons, the opinion prevails that the affirmative charge should have been given for the defendant.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and ARDNER, JJ., concur.