(90 South. 791)

## WILSON v. WINDHAM. (6 Div. 121.)

(Supreme Court of Alabama. Jan. 13, 1921. Rehearing Granted Oct. 13, 1921.)

1. **Judgment** &#8734;707—**Claim not disposed of in detinue not available in subsequent suit against claimant.**

A claim filed by defendant in a previous action in detinue by plaintiff, which was apparently not disposed of in that action, was res inter alios acta in a subsequent action against the defendant to recover the property and without evidentiary force as tending to show superior title to property in the plaintiff.

2. **Detinue** &#8734;16—**Claim of intervener should be disposed of before judgment is rendered in original suit.**

Where claim to the property is interposed in a pending detinue action by a third party, the plaintiff has the affirmative and must become the actor, and the claim suit should be disposed of before judgment in the original suit.

On Rehearing.

3. **Chattel mortgages** &#8734;229(3) — **Note and mortgage are prima facie evidence of debt due.**

A note and mortgage duly executed, acknowledged, and recorded, so as to make the same self-proving, is prima facie evidence, when produced by the creditor, that the debt thereby secured is unpaid in an action against a third party to recover the property affected.

4. **Landlord and tenant** &#8734;250—**Waiver of landlord's preference did not transfer, but merely waived priority of, rights as against mortgagee.**

A waiver by the landlord of the priority of her claim for rent if defendant would advance to the tenants is not an assignment of the landlord's lien which is entitled to preference over the mortgage covering the crop.

5. **Landlord and tenant** &#8734;250—**Request by landlord to another to purchase crop and credit to tenants operates as an assignment or release of rent claimed.**

A request by the landlord to one who had made advances to the tenants to purchase the

crop and credit it to the tenants would sustain an inference of an assignment or release of the landlord's claim for rent, which the defendant could interpose as a defense pro tanto against trover and conversion by mortgagee of the crop.

**6. Landlord and tenant ⊚⚏252(1)—Surrender of property to landlord gives purchaser through her title a good defense against detinue by mortgagee.**

Where the tenants surrendered the crop to their landlord in recognition of her lien by obtaining from her an order to deliver it to one who had made advances to them and it was so considered and accepted by her, her lien ripened into legal title, and, if defendant purchased through her, he acquired legal title, which was a good defense to an action in detinue against him by a mortgagee of the crop.

**7. Landlord and tenant ⊚⚏252(1)—Purchaser of crop through landlord is liable to mortgagee in trover and trespass for value in excess of rent claim.**

Where the crop was surrendered to the landlord in recognition of her lien so as to give her the legal title, a buyer of the crop through her was nevertheless answerable to a mortgagee of the crop in trespass and trover for the value of the crop in excess of the landlord's claim for rent.

**8. Landlord and tenant ⊚⚏245—Promise by landlord to repay advances is not equivalent to advances by landlord.**

An agreement by the landlord to repay whatever the tenants owed the promisee after he had made the advances and had received the crop could not operate as advances made by the landlord for which she had a preference lien to the prejudice of the mortgagee of the crop.

Appeal from Circuit Court, Lamar County; T. L. Sowell, Judge.

Action by A. S. Wilson against R. V. Windham for trespass, trover, and detinue. Judgment for the defendant, and the plaintiff appeals. Reversed and remanded.

Wilson brought the suit originally against L. C. and J. W. Coleman for the possession of certain cotton and corn covered by a mortgage executed by the Colemans to him on February 15, 1915. The Colemans were tenants of Mrs. Mary Atkins, and at the trial in the justice court R. V. Windham appeared as claimant for the property, made affidavit, and gave bond as required by law. The trial in the justice court resulted in a verdict for the Coleman defendants, and Wilson appealed the case to the circuit court, where judgment was rendered against both of the Colemans for property sued for. He being informed that Windham had converted the property and that he could not make his money on his judgment against the Colemans, Wilson brought this suit against Windham, and the court at the request of the defendant gave the affirmative charge for the defendant.

Wilson Kelley, of Vernon, and Ludlow Elmore, of Montgomery, for appellant.

The right of a mortgagee, after the law day has passed, to maintain detinue for the mortgaged chattels, is unquestionable. 2 Port. 433; 50 Ala. 388; 57 Ala. 526; 80 Ala. 424; 104 Ala. 383, 16 South. 23; 117 Ala. 383, 23 South. 231; 149 Ala. 672. Also to maintain trespass, trover, or detinue against a third party. 201 Ala. 328, 77 South. 866; 195 Ala. 353, 70 South. 153; 12 Ala. App. 440, 68 South. 563. Possession of a writing providing for the payment of money after maturity is prima facie evidence that the debt secured thereby is unpaid. 27 Cyc. 1399; 30 Cyc. 1268; 28 Ark. 440; 111 Ill. App. 583; 2 App. Div. 119, 49 N. Y. Supp. 196; 117 Ill. 282, 7 N. E. 642.

J. C. Milner, of Vernon, for appellee.

This case is ruled by Kinston Supply Company v. Kelly, 200 Ala. 151, 75 South. 899.

BROWN, J. This action is by Wilson against Windham. The complaint was filed April 5, 1918, and contains counts in trespass, trover, and detinue. The subject of the controversy is cotton and corn grown by the Colemans on lands which they occupied as tenants of Mrs. Atkins during the year 1915. The plaintiff claimed title to the property under two mortgages executed by the Colemans, on February 15 and February 19, 1915, respectively, and due and payable October 1, 1915, covering corn, cotton, and other products to be grown by the Colemans during the year 1915, which were offered in evidence.

To recover it was incumbent on the plaintiff to show that the debts secured by these mortgages, or some part thereof, was unpaid at the time this suit was brought. Kinston Supply Co. v. Kelly, 200 Ala. 151, 75 South. 899, and authorities there cited.

While the mortgages and the notes secured thereby would be evidence of a debt in a suit thereon between the parties to the contract, by virtue of the statute (Code 1907, § 3966), this is not true in a suit against one not a party to the contract.

[1] Though it is shown that the defendant in this case filed his claim, affidavits, and bonds in the two detinue suits brought by the plaintiff in this case against the Colemans to recover the property, the plaintiff proceeded to judgment in those cases against the original defendants without a trial of the claim suit and without regard thereto, and no judgment appears to have been rendered in the claim suit determining the rights of property as between the plaintiff and the defendant in this case. So the proceedings in those cases were res inter alios acta as to the defendant in this case, and without evidentiary force as showing or tending to

show a superior title to the property in the plaintiff.

[2] Where a claim is interposed to the property in a pending detinue suit by a third party, the plaintiff has the affirmative and must become the actor, and the claimant occupies the position of a defendant, and the claim suit should be disposed of before the proceedings are brought to judgment in the original suit. Keyser v. Maas, 111 Ala. 390, 21 South. 346; 4 Mayf. Dig. 975, §§ 18–20; Cofer v. Reinschmidt, 121 Ala. 252, 25 South. 769; Abraham v. Nicrosi, 87 Ala. 178, 6 South. 293.

The right of the plaintiff to recover must therefore be referred to the mortgages, and having failed to offer proof showing or tending to show an indebtedness due thereon, the court properly gave the affirmative charge for the defendant.

Affirmed.

ANDERSON, C. J., and SAYRE and THOMAS, JJ., concur.

On Rehearing.

PER CURIAM. The plaintiff sued as mortgagee for the conversion of certain crops of cotton and corn acquired by the defendant from the Colemans, who were tenants of and raised the crops upon the land of Mrs. Atkins.

[3] The plaintiff offered a note and mortgage executed by the Colemans and which had been duly acknowledged and recorded so as to make the same self-proving. The production of the mortgage and the note which it was given to secure in the possession of the creditor is prima facie evidence that the debt thereby secured is unpaid, in the absence of any indorsement or other marks on the papers indicating payment. 27 Cyc. p. 1399; Shippen v. Whittier, 117 Ill. 282, 7 N. E. 642. The case of Kinston v. Kelly, 200 Ala. 151, 75 South. 899, did not deal with this question; it involved a landlord's lien, and in order to establish the existence of a lien there had to be some proof of the existence of a debt for rent or advances. Here we are dealing with a note and mortgage, duly executed by the Colemans, reciting a consideration and in the possession of the creditor, and which are prima facie evidence of the existence of a debt. The trial court erred, therefore, in giving the general charge for the defendant, and the original opinion in this case is, to that extent, unsound.

[4-7] The plaintiff, having made out a prima facie case, under his mortgage on the cotton and corn received from the Colemans by defendant, was entitled to a verdict unless the defendant showed a better claim or title to the property. This he attempted to do by connecting himself with Mrs. Atkins, the landlord, who had a paramount claim for rent and advances. As we understand the evidence, the first agreement between the defendant and Mrs. Atkins was not an assignment of her lien or an undertaking upon her part to advance the tenants through Windham, but was merely a waiver by her of the priority of her claim for rent if Windham would advance the said tenants. There was nothing in the proof to indicate a transfer or assignment at that time of her lien. Strickland v. Lesesne, 160 Ala. 213, 49 South. 233. There was proof, however, from which the jury could infer that Mrs. Atkins subsequently wrote Windham to purchase the crop and credit it to the Colemans and which would operate as an assignment or release of her claim for rent, to wit, $90, and which the defendant could have used as a reduction or defense pro tanto against all the counts other than the one in detinue. There was also proof from which the jury could have inferred that after the Colemans gathered the crop they went to Mrs. Atkins and got from her an order to deliver the same to the defendant, and if this was intended by them as a delivery and surrender of the crop to her in recognition of her lien and was so considered and accepted by her, then her lien ripened into the legal title, and if the defendant purchased from or through her, he acquired the legal title and a defense to the count in detinue; but even if he acquired the legal title and could thereby defeat the count in detinue, he was answerable to the plaintiff under the other counts for all that he received in excess of what was due Mrs. Atkins, which was the rent, as there is no proof that she made the Colemans advances directly or through another.

[8] The note that the defendant got from Mrs. Atkins agreeing to pay whatever the Colemans owed him after he had made the advances and after he had gotten the crop could not operate as advances made by Mrs. Atkins to the prejudice of this plaintiff.

The rehearing is granted; the judgment of affirmance is set aside; and the judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and SAYRE, GARDNER, and MILLER, JJ., concur.