17 So.2d 235

### CLYBURN v. TONEY.

7 Div. 769.

Supreme Court of Alabama.

March 9, 1944.

Roy D. McCord, of Gadsden, for appellant.

Joe Brown, of Gadsden, for appellee.

BROWN, Justice.

This appeal is by the complainant from a decree of the Circuit Court of Etowah County, rescinding, setting aside, vacating and annulling a deed executed by complainant on the 14th of March, 1940, to the defendant, reciting, "As the consideration for this conveyance second party [defendant] hereby agrees and binds himself to support first party [complainant] and furnish her with a home with him and furnish her with suitable food, clothes, medical attention, medicine and other necessities during her natural life and at death give her decent burial. It is expressly part of the consideration for this conveyance that the property conveyed is to be the home provided during first party's life unless the same be destroyed by fire or an act of God. Failure of any part of the consideration will not work a forfeiture of this conveyance; but said failure of consideration is to cause a forfeiture of the

right to the use of the property during the life of the party of the first part. For the above mentioned consideration and in full payment for all past services in caring for the party of the first part, the party of the first part doth hereby grant, bargain, sell and convey unto the said party of the second part the following described real estate to-wit: * * *."

■ This conveyance clearly falls within the influence of § 15, Tit. 20, Code 1940. In fact and law, on well settled principles, the statute is to be read into the deed and the grantee in such a conveyance accepts "the same with the limitations of the statute written into it, and with full knowledge of the rights of the grantor, and the consequent defeasible character of the instrument." Bush et al. v. Greer, 235 Ala. 56, 177 So. 341; Heartsill v. Thompson, etc., ante, p. 215, 16 So.2d 507.

■ In respect to such conveyance, executed subsequent to the incorporation of this statute into the Code of 1923, "fraud is not an essential element of the * * * cause of action provided for in the statute and the proceedings, as the statute indicates, are to rescind the conveyance on statutory grounds, that 'a material part of the consideration * * * is the agreement of the grantee to support * * * the grantor, during life.'" Oglesby v. Thomas, ante, p. 133, 16 So.2d 320, 321.

■ It is not essential to the equity of the bill that complainant offer to do equity. If proceedings in equity are instituted by the grantor, in the event of the complainant's death, the right of action survives in favor of the successors in estate of the grantor. Heartsill v. Thompson, etc., supra.

The material allegations of the bill are admitted by the answer, and the soundness of the decree annulling the deed and reinvesting the title in the complainant is not questioned.

■ The defendant makes his answer a cross bill, and in the cross bill he asserts a claim for permanent improvement made in the years 1929, 1930 and 1932, more than eight years before the execution of the deed, and the evidence shows that during that time no demand was made on complainant for payment, no credits claimed or entered, and in the meantime the defendant occupied the premises or a part thereof under, what the parol testimony tends to show was, a lease-sale contract, the terms of which are not made to appear. While the respondent testified that the contract was in complainant's possession, he did not call on her for its production, and the burden is on him to show that his claim grew out of the transaction eventuating the execution of the deed, and is equitable and just. Heartsill v. Thompson, etc., supra.

■ We are of opinion that the claim for permanent improvements is stale—barred by the statute of limitations,—and was improperly allowed and made a charge upon the property.

The evidence shows that the lease-sale contract was abandoned, the payments of rent were reduced from $12.50 per month to eight dollars per month, and that defendant occupied one side of the house and paid rent up to the time of the execution of the deed, and after the execution of the deed continued to occupy the premises without rent, but paid the taxes for the year 1940, $39.98, after the execution of the deed, while the defendant was occupying the premises as the owner. We are further of opinion that the value of the use and occupation of the premises was sufficient to offset this claim, the expense incident to the support of complainant—during that interval.

■ Our judgment, therefore, is that the circuit court erred in allowing the claim for permanent improvements and taxes paid and in declaring the same a lien against the property. Security Federal Savings & Loan Ass'n v. Underwood Coal & Supply Co., ante, p. 56, 16 So.2d 100; Roberts et al. v. Lindsey, 242 Ala. 522, 526, 7 So.2d 82; Heartsill et al. v. Thompson, supra; Spangler v. Barber, post, p. 386, 17 So.2d 232.

The decree in so far as it rescinds and annuls the deed is affirmed; and in so far as it allows the claim for permanent improvements and taxes paid, it is reversed, and one here rendered dismissing the cross-bill. Let appellee pay the costs of the appeal, and the costs incident to the prosecution of his cross-bill.

Affirmed in part and in part reversed and rendered.

GARDNER, C. J., and THOMAS and LIVINGSTON, JJ., concur.