73 So.2d 522

## WALKER v. WALKER.

7 Div. 233.

Supreme Court of Alabama.

June 24, 1954.

owned and occupied by her as a homestead and constituted all of the property then owned by her. A copy of the deed is attached to the original bill of complaint as an exhibit and made a part thereof. It recites a consideration of $1 and other good and valuable considerations. For some time prior to the execution and delivery of the deed, Alpha H. Walker discussed with his mother on several different occasions the conveyance of the property to him and that if she would make the conveyance, he would pay her the sum of $5,000 in cash and as a further material part of the consideration for the execution of the deed, he would maintain and support her during her lifetime.

At the time Alpha H. Walker promised and agreed to pay to Ida Walker the sum of $5,000, she relied upon his promise to pay this amount and executed and delivered the deed as requested by him. However he did not pay her the sum of $5,000 or any part thereof, but on the contrary, she alleges that he had no intention of paying the same to her and that he has at all times failed or refused to carry out his said promise or any part thereof as he had agreed and that said representation was made by him as an inducement to procure the execution and delivery of the deed and that he had no intention whatever of carrying out his promise to her or of paying any part of the money promised by him to her.

It is further alleged that she executed to her son the deed hereinabove referred to and that a material part of the consideration for the execution and delivery of the deed was a promise on his part to her that he would maintain and support her during her lifetime and that he has failed or refused to maintain or support her in accordance with the aforesaid agreement and has treated her in such a manner as to make it impossible for her to continue to live on the place or maintain her home there and that she has elected and does declare the conveyance void and files this proceeding to have the conveyance declared null and void as provided by the laws of the State of Alabama.

Talmadge H. Fambrough, Ragland, for appellant.

John R. Robinson, Ashville, for appellee.

STAKELY, Justice.

This is an appeal by Alpha H. Walker (appellant) from a decree in the equity court overruling the demurrer to a bill of complaint filed by Ida Walker (appellee). The purpose of the bill is to set aside a deed executed by Ida Walker to her son, Alpha H. Walker. The allegations of the bill show in substance the following:

Ida Walker is the mother of Alpha H. Walker and on or about January 13, 1949, she executed and delivered to him a deed conveying certain real estate located in St. Clair County, Alabama, which was

170

Analysis of the bill shows that it has two aspects, (1) to set aside the deed under the provisions of § 15, Title 20, Code of 1940, and (2) to set aside the deed on the ground that it was procured by fraud.

The only argument, however, which the appellant makes here is that the facts in the bill do not show fraud because for aught that appears from the bill, there was no time alleged when Alpha H. Walker was due to pay to his mother, Ida Walker, the sum of $5,000.

■■ The decisions of this court make it clear that in order to bring the case within the operation of the statute to which we have referred, an agreement to support for life must be a material part of the consideration for the conveyance and further, where there is a conveyance and a material part of the consideration is an agreement to support for life, it is not necessary to allege fraud to bring the case within the influence of the statute. Massey v. Massey, 246 Ala. 396, 20 So.2d 790; Clyburn v. Toney, 245 Ala. 341, 17 So.2d 235. Since the allegations of the bill bring the case within the operation of § 15, Title 20, Code of 1940, no allegations of fraud are necessary in order to give equity to the bill. It results that there is clearly no merit in the demurrer so far as the first aspect of the bill is concerned.

■ The demurrer was to the bill as a whole with the result that if the bill has equity in any of its aspects, the demurrer was due to be overruled. Wells v. Wells, 249 Ala. 649, 32 So.2d 697. We could rest the case here, but go on to say that, the aspect of the bill seeking to set aside the deed on the ground of fraud independent of the statute is not subject to the demurrer which we have described. It is a familiar rule that where a contract contains an obligation to pay money and no time is stipulated for payment, it is payable presently. Kinston Supply Co. v. Kelly, 204 Ala. 611, 86 So. 533; Peck v. Ashurst, 108 Ala. 429, 19 So. 781; Angel v. Simpson, 85 Ala. 53, 3 So. 758. It, therefore, results that the demurrer directed to the second aspect of the bill was not well

taken and was correctly overruled. The decree of the lower court is due to be affirmed.

Affirmed.

LIVINGSTON, C. J., and LAWSON and MERRILL, JJ., concur.